Albert MOUMDJIS, Libellant,

v.

Panamanian SS THE IONIAN TRADER,
etc., et al., Respondents.

George VOKOROKOS, Libellant,

v.

Panamanian SS THE MATADOR, etc.,
Respondents.

George PAPANTONIOU, Libellant,

v.

Liberian SS THE AMANDA, etc., et al.,
Respondents.

Burt M. MOREWITZ, Committee of Nik-
os Theodoratos, Libellant,

v.

Honduran SS THE ARISTOTELIS,
Respondent.

Nos. 270, 311, 341, 349.

United States District Court
E. D. Virginia,
Newport News Division.

Sept. 24, 1957.

Morewitz & Morewitz, Newport News, Va., for libellants.

Vandeventer, Black & Meredith, Norfolk, Va., for respondents.

WALTER E. HOFFMAN, District Judge.

The question herein presented concerns the propriety of proving foreign law through the use of Rule 32B of the General Admiralty Rules, 28 U.S.C.A. relating to admission of facts and of genuineness of documents.

In each of the pending cases libellants have filed requests for admission of facts and genuineness of documents, attaching thereto, in one or more of the cases, what purports to be an English translation of a published law. In one or more of said cases libellants have also attached a photostatic copy of what purports to be a letter written by a law firm expressing an opinion as to the interpretation of such laws.

■■ The purpose of the rule is to expedite the trial and to relieve the parties of the expense of proving facts which will not be in dispute at the time of trial, the truth of which may be ascertained by reasonable inquiry. Hanauer, for Use of Wogahn v. Siegel, D.C., 29 F.Supp. 329. But the rule contemplates only admission of facts and genuineness of documents which, of necessity, excludes matters of opinion.

■ Where a party desires to prove a foreign law without introducing a witness with respect thereto, it would appear that the proper procedure calls for the attachment of recognized documents or laws in the foreign language, together with the English translation of same, thus providing the adverse party with the opportunity of examining the document and its translation. The publication of a foreign law or statute properly may be admitted as a fact and there is no good reason why the genuineness of such document would not come within Rule 32B. Quite to the contrary, however, is the expression of opinion of any attorney or other person relating to the interpretation of said law, as applied to any particular set of facts. The latter is a matter of opinion evidence which the adverse party is not required to admit, and any witness testifying along these lines should be subjected to cross-examination in the absence of agreement as to the proper interpretation of the law. Such action does not preclude the introduction in evidence of any recognized publication or textbook attempting to interpret the foreign law.

The several requests of libellants for admission of facts and genuineness of documents relating to the opinions expressed by attorneys are denied. As to any published foreign law, libellants are granted leave to amend their requests and attach thereto such laws in the foreign languages with English translations thereof.