512

PITTSBURGH HOTELS ASSOCIATION, INC., a Pennsylvania corporation, et al., Plaintiffs,

v.

The URBAN REDEVELOPMENT AUTHORITY OF PITTSBURGH, a Pennsylvania corporation, et al., Defendants.

Civ. A. No. 61–442.

United States District Court
W. D. Pennsylvania.

Jan. 5, 1962.

See also 202 F.Supp. 486.

D. Malcolm Anderson, Charles R. Burke, of McCann, Garland, Ridall & Burke, Pittsburgh, Pa., for plaintiffs.

Louis Caplan, Earl F. Reed, of Thorp, Reed & Armstrong, Theodore L. Hazlett, Jr., David W. Craig, City Sol., Pittsburgh, Pa., for defendants.

MARSH, District Judge.

In this action the defendants, without filing an answer to the complaint, moved for summary judgment with supporting affidavit; the plaintiffs did not file any opposing affidavits. At the hearing it seemed that none of the material facts were in dispute and the case was ripe for decision. Subsequently, however, defendants without leave of court, filed another supporting affidavit; plaintiffs,

upon being given an opportunity to oppose defendants' post-hearing affidavit, requested discovery. Being of the opinion that a decision should be made on the pleadings and affidavits then *on file* (Rule 56(c), Fed.R.Civ.P, 28 U.S.C.A.), I was reluctant to grant discovery except as to the matter alleged in the defendants' post-hearing affidavit. Notwithstanding, plaintiffs took the deposition of Robert B. Pease, Executive Director of Urban Redevelopment Authority of Pittsburgh, one of the defendants, inquiring of many matters over the objection of defendants, and served a Request for Admissions under Rule 36, Fed.R.Civ.P., the latter containing 34 Requests for Admissions.

Upon further reflection I am of the opinion that the deposition of Mr. Pease should be considered, and that defendants should answer those Requests for Admissions which are proper. I can find no authority, and none has been called to my attention, which would limit discovery and prohibit service of a Request for Admissions subsequent to the hearing on the Motion for Summary Judgment; indeed, subsection (f) of Rule 56 indicates rather strongly that a decision should be continued in order to permit parties opposing the motion to take depositions and have discovery of facts essential to justify their opposition.

In passing upon defendants' objections to the Request for Admissions, I have in mind that Rule 36 was not intended to be used to cover the entire case.[1] Further, it is generally held that a request for admissions may not be applied to a controverted legal issue lying at the heart of the case,[2] and it should be phrased so that it can be clearly admitted or denied without explanation.[3] Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, vol. 2A, § 832. Requests which call for interpretation of documents, letters, communications, statutes, and requests for opinions, conclusions of law, conjectures, or suspicions are objectionable.[4] In the light of these principles an examination of the plaintiffs' Requests discloses that many of them are invalid. Where valid and invalid requests are intermingled, the court need not attempt to sort the good from the bad.[5] However, in the interest of saving time, the objections to the Requests which the court deems invalid will be sustained, and those Requests to which the defendants have not specifically objected and which the court deems valid shall be admitted or denied.

Requests 1, 7, 18 and 20 involve legal issues and interpretation of statutes; Request 32 may involve interpretation of a regulation or a statute. Requests 4, 5, 11, 12 and 13 involve the effect of or interpretation of the provisions of a document, the Plan for Redevelopment and its modifications. Request 17 seems to call on defendants to admit the interpretation of a proposed construction contract with respect to the height and location of a building on Parcel B as shown by the Plan. Requests 6, 14, 23, 26, 31 and 33 involve interpretation of documents, letters and communications not attached to the Request for Admissions. Requests 9 and 19 call for opinions, conclusions and speculation about the future.

All other Requests shall be admitted or denied.

An appropriate order will be entered.

1. Moore's Federal Practice, 2d ed., vol. 4, ¶36.04, p. 2711.

2. People of California v. The Jules Fribourg, 19 F.R.D. 432 (N.D.Cal.S.D. 1955).

3. Johnstone v. Cronlund, 25 F.R.D. 42 (E.D.Pa.1960).

4. Cf. Driver v. Gindy Manufacturing Corporation, 24 F.R.D. 473 (E.D.Pa.1959); Moumdjis v. SS The Ionian Trader, 157 F.Supp. 319 (E.D.Va.1957); Fuhr v. Newfoundland-St. Lawrence Shipping Ltd., Panama, 24 F.R.D. 9 (S.D.N.1959).

5. Driver v. Gindy Manufacturing Corporation, supra f.n. 4, 24 F.R.D. at p. 475.