UNITED STATES of America
v.
JOHNS–MANVILLE CORPORATION,
Keasbey and Mattison Company,
and
Certain-teed Products Corporation.
Civ. A. No. 31791.

United States District Court
E. D. Pennsylvania.
Jan. 27, 1965.

Raymond K. Carson and Rodney O. Thorson, Attys., Anti-Trust Div., Dept. of Justice, for plaintiff.

Thomas D. McBride, Philadelphia, Pa., and Ralph M. Carson, New York City, for Johns-Manville Corp.

Henry T. Reath, Philadelphia, Pa., and Bradley Walls, New York City, for Keasbey & Mattison.

Philip H. Strubing, and John G. Harkins, Jr., Philadelphia, Pa., for Certainteed Products Corp.

VAN DUSEN, District Judge.

In opposing this Motion for a Protective Order to preclude the taking of depositions of six persons (the Motion for a Protective Order was expanded at the argument on the above Motion (1/25/65) to cover two additional, noticed depositions included in the notice dated January 21, 1965), the plaintiff emphasizes that the busy schedule of Government lawyers assigned to this case justified them in engaging in no discovery, admittedly available to them since May 21, 1964, even though a Motion for Summary Judgment was filed on September 11, 1964. Although the court is very sympathetic to the burdens of Department of Justice counsel assigned by the Anti-trust Division to a case such as this, there is nothing in this record to justify complete disregard of the terms of F.R. Civ.P. 56 and the normal process of holding arguments which has been followed by this court in cases involving such Motions for Summary Judgment.

■ An examination of F.R.Civ.P. 56, particularly subparagraphs (e) and (f), makes clear that affidavits on personal knowledge in opposition to a Motion for Summary Judgment may be filed without permission of the court, but indicates that the court's permission may be required if the affidavits are "to be supplemented or opposed by depositions * * *." 1

1. F.R.Civ.P. 56(e) contains this language: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. *The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.* When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set

It is further provided in F.R.Civ.P. 56 (f):

> "Should it appear from the affidavits of a party opposing the motion that he cannot *for reasons stated* present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." (Emphasis supplied.)

■ Under these circumstances, it seems clear that plaintiff is required to secure permission of the court for the taking of depositions which are noticed more than four months after a Motion for Summary Judgment has been filed and several weeks after notices have been sent to counsel that an argument on the Motion for Summary Judgment has been scheduled, particularly when such notice of depositions is sent on the eve of the date that one of the briefs for such argument is due so that counsel for the moving party has already prepared his brief on the basis of a record which will be different from the record which the party noticing the depositions wishes to present to the court. At the least, plaintiff's course at this time should consist of filing affidavits on personal knowledge, as described in F.R.Civ.P. 56(e), or the affidavits contemplated by F.R.Civ.P. 56(f), pointing out that it "cannot for the reasons stated present by affidavits facts essential to justify his opposition" and, hence that depositions are necessary.

Whereas the authorities cited by both counsel at the argument on the above Motion are helpful, they do not specifically deal with the situation presented by this record. However, the case of Goldboss, etc. v. Reimann, 55 F.Supp. 811, 820–821 (S.D.N.Y.1943), aff'd 143 F.2d 594 (2nd Cir.1944), indicates that the above conclusion is required by the wording of F.R.Civ.P. 56, and no other judicial precedent has been found by counsel or the court.

It is quite possible that on the basis of such affidavits as may be filed by plaintiff under F.R.Civ.P. 56(f) and the record which is before the court at the time of the scheduled argument on the Motion for Summary Judgment, the court may order a continuance to permit depositions to be taken. See, for example, Pittsburgh Hotels Ass'n v. Urban Redevelop. Auth., 29 F.R.D. 512 (W.D.Pa.1962). However, such a deposition should await the filing of some affidavits by plaintiff in opposition to the Motion under either 56(e) or 56(f), giving the "reasons" provided for in such rule.

Since continuing discussions by counsel may result in agreement that certain depositions be taken, the protective order entered will provide for its possible modification by further order of this court.

---

forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis supplied.)