INTERNATIONAL LATEX
CORPORATION

v.

LEXICON PRODUCTS, INC., Jon Stein,
Leon I. Stein, the Proctor & Gamble
Company and the Proctor & Gamble
Distributing Company.

Civ. A. No. 35672.

United States District Court
E. D. Pennsylvania.

June 18, 1965.

As Corrected July 7, 1965.

Louis J. Goffman, and Franklin Poul, of Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for International Latex Corp.

Henry J. Morgan, of Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for Lexicon Products, Jon Stein and Leon I. Stein.

Lewis H. Van Dusen, Jr., of Drinker, Biddle & Reath, Philadelphia, Pa., for Proctor & Gamble.

BODY, District Judge.

This action was commenced on April 29, 1964 by plaintiff, International Latex Corporation, against the aforestated defendants. Count I of the complaint charges defendants Jon Stein, Leon I. Stein, and Lexicon Products, Inc. (hereinafter collectively referred to as "Lexicon") with a breach of contract to assign a trademark. Count I also charges the defendants, Proctor & Gamble Company and Proctor & Gamble Distributing Company (hereinafter collectively referred to as "Proctor & Gamble") with tortuously inducing a breach of the alleged contract. Count II of the complaint requests a declaratory judgment as to the respective rights of the parties in the trademark "Sure".

Lexicon's answer to the complaint was filed on May 27, 1964. On May 28, 1964 Proctor & Gamble filed their answer to the complaint in addition to a counterclaim. On June 18, 1964 plaintiff's answer to the counterclaim of Proctor & Gamble was filed. It is the understanding of the Court that at the close of the pleadings, discovery was initiated and depositions were taken, but at the time of argument discovery was still incomplete.

On October 23, 1964 Lexicon filed a motion for summary judgment on Count I of the complaint; and a motion for partial summary judgment on Count I of the complaint was filed by Proctor & Gamble on December 14, 1964. These motions are now before the Court.

Rule 56(c) of the Federal Rules of Civil Procedure provides:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

Supporting and opposing depositions have been filed by all parties to maintain their respective positions.

Whether an issue of fact exists depends upon the facts peculiar to each case. On a motion for summary judgment the Court must consider the entire setting of the case and all the papers that are included in the record. The pleadings are considered as a whole, including the complaint. One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue as to any material fact. Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 190 F.2d 817 (3d Cir. 1951).

Furthermore, on a motion for summary judgment a court may not summarily try factual issues but should consider only the facts which are not disputed, or the dispute of which renders no substantial issue. Associated Press et al. v. United States, 326 U.S. 1, 65 S. Ct. 1416, 89 L.Ed. 2013. The motion should be granted only when all the facts are admitted or clearly established which entitle the moving party to a judgment. Reiser v. McKee Glass Co., 1 F.R.D. 170 (W.D.Pa.1940). The Court must consider both the record actually presented and the record potentially possible at the time of trial.

The Court has carefully considered the motions of both Lexicon and Proctor & Gamble and has decided to deny their re-

spective motions for summary judgment and partial summary judgment. There are many outstanding material issues of fact that are presented to this Court and among them are:

(1) The actual existence of a contract between the plaintiff and Lexicon

(2) Whether this alleged contract was supported by consideration

(3) Whether Proctor & Gamble had knowledge of the alleged contract between the plaintiff and Lexicon

(4) Proctor & Gamble's reason for purportedly inducing Lexicon to breach its alleged contract with the plaintiff

(5) Whether Jon Stein and Leon I. Stein are properly parties to this action

As to each of the foregoing contentions, the depositions of all parties are in conflict with each other and cannot be resolved by this Court as a matter of law. Questions of fact remain as to each of the aforestated contentions which make it mandatory for this Court to deny the motions for summary judgment. However, the denial of summary judgment is a finding that there is an issue of fact to be tried, and is not a decision on the issue. The trial judge, after hearing evidence on the above issues, may find that he should direct a verdict for the parties in question.

A hearing on a motion for summary judgment is not a trial on the merits, and the Court on such motion should not attempt to resolve conflicting contentions of fact. The opposing party is not required to show that he or it will prevail at trial, but is only required to show that there is a genuine issue to be tried. The entire matter is extremely complicated and complex and involves numerous factual issues, thus making it inappropriate for this Court to grant summary judgment as a matter of law.