Norcia **CONLEY**, Appellant,

v.

Geo. W. **HALL** et al., Appellees.

Court of Appeals of Kentucky.

Oct. 29, 1965.

Duff Arnett, Bruce Stephens, Hazard, for appellant.

Robin Griffin, Miller, Griffin & Marks, Lexington, for appellees Hall, Maggard and Combs.

Armand Angelucci, Lexington, for appellees Rector and Napier.

CLAY, Commissioner.

This case presents for our consideration a procedural maze. The terminal point was a summary judgment for the appellee defendants.

Appellant plaintiff filed suit against defendant lessees and sublessees under a coal lease, claiming she had not been paid the royalties due. She asked for an accounting and a judgment for a specified sum.

Hereafter is set forth the chronological history of these proceedings:

October 21, 1960. Complaint.

December 2, 1960. Motion of original lessees to dismiss for failure to state a claim.

December 7, 1960. Same motion by sublessees.

March 1, 1961. Answers by original lessees with cross-claim against sublessees.

June 5, 1961. Original lessees' motion to dismiss overruled.

August 11, 1961. Deposition of the plaintiff and seven others taken "to be read and used in the trial" of the action.

March 26, 1962. Original lessees' motion for summary judgment (admitting an indebtedness of $137.15).

April 13, 1962. Order assigning motion for summary judgment for hearing to June 5, 1962.

May 23, 1962. Motion of plaintiff to file amended complaint asking for punitive damages. (The complaint accompanied the motion but the motion was never passed upon.)

May 26, 1962. Attempt by plaintiff to take deposition of Bill Sloan, who refused to appear though subpoenaed.

August 7, 1962. Plaintiff filed her own affidavit concerning the nature of the testimony she expected from Bill Sloan.

August 9, 1962. Motion of original lessees to strike plaintiff's affidavit.

August 11, 1962. Depositions of two witnesses, who had explored the mine, taken by plaintiff.

August 15, 1962. Motion of plaintiff concerning her offer to permit defendants' representatives to verify evidence given by the two witnesses on August 11, 1962.

September 25, 1962. Order of court reciting that a hearing had been held on June 5, 1962, on defendants' motion for summary judgment, and giving the parties until October 11, 1962, in which to file memorandums on the merits of said motion.

January 18, 1963. Final order of the trial court reciting that plaintiff's affidavit of August 7 and the two depositions taken on August 11, 1962, would not be considered, sustaining motion for summary judgment, entering judgment for plaintiff in the sum of $137.15, and giving the original lessees a judgment against the sublessees on their cross-claim.

---

These proceedings remind us of a chess game played by mail between contestants at opposite ends of the globe. However, no one seemed quite sure of the name of the

game, or the rules, and neither contestant paid much attention to the preceding move made by the other. With one exception, nobody paid any attention to time limitations.

■ As we see it, since this action involved an accounting, it was an equity case required to be *tried* on depositions. CR 43.04. The basic issue of fact was whether defendants had mined more coal than they had paid for. In the midst of the trial defendants injected a motion for summary judgment under CR 56. While such a motion may be made at any time, it cannot be converted into a method of short-circuiting the right of a plaintiff to prove his case. The function of the motion is to terminate unnecessary litigation, normally prior to the trial stage, when it clearly appears there exists no genuine issue of a material fact to be tried and decided. See Rowland v. Miller's Adm'r, Ky., 307 S.W.2d 3, and International Latex Corporation v. Lexicon Products, Inc., D.C.Pa., 37 F.R.D. 524.

There are two reasons why summary judgment should not have been granted in this case. The first is that the pleadings and the depositions filed prior to the "hearing" date of June 5, 1962, not only failed to show the absence of an issue of fact but established beyond question that such an issue existed.

■ The plaintiff in her deposition testified that defendants had been late in paying royalties; that they had never given her a final accounting; that she had been unable to obtain from defendants or their representatives pertinent records; that one of the defendants had told her all of the merchantable coal had been taken out; and that according to her figures, by using a generally accepted method of calculation, defendants had removed approximately 30,000 tons of coal and had only accounted for approximately 4,000.

On the face of it, plaintiff's deposition standing alone shows an issue of fact as to whether defendants had accounted to her for all of the coal they had mined on the

9½ acre tract involved. Defendants assert that plaintiff's testimony was in several respects hearsay. Assuming that is true, we are not concerned with the *competency* of evidence. See Corley v. Life & Cas. Ins. Co., 111 U.S.App.D.C. 327, 296 F.2d 449. We are examining this record for the sole purpose of determining whether an issue of material fact exists. Plaintiff's deposition did not prove her claim so as to entitle her to judgment, but that is not the question involved on a motion for summary judgment.

Let us look at other depositions taken by plaintiff prior to the June 5 "hearing" date. Both expert and nonexpert witnesses testified that the method used by plaintiff in calculating the minable coal in the tract was correct; and they made estimates, based upon admitted facts with respect to the seam of coal involved, that between 26,000 and 38,000 tons of merchantable coal could have been mined from this tract. Clearly this evidence tended to establish that defendants had mined substantially more coal than they had accounted for (approximately 4,000 tons).

Defendants contend this evidence was not sufficient to establish how much coal had actually been mined. That may well be true, but we are not examining the *sufficiency* of the evidence. We are to decide this case on the motion for summary judgment, not on the merits. We are seeking only an issue of fact.

Let us examine further the deposition of Rector, one of the defendants. He admitted the existence of a seam of coal upon which the testimony of plaintiff and her other witnesses had been based. He admitted some records were lost. He also admitted that he had failed to comply with KRS 352.480(3), which requires a survey and a map to be made when a mine is abandoned or closed which will show the entire worked-out area. He made the following replies to the following questions:

Q. "And you don't know if you paid for all this tonnage or not?

A. "I think we did.

Q. "As of right now you don't know if you have paid, is that correct?

A. "No, I don't."

In view of this last answer, how could it be said that no fact issue existed? It is positive proof to the contrary.

Defendant Rector filed with his deposition a statement of his accounting officer showing that this mine had "received pay for" approximately 4,000 tons. This of course constituted a form of proof (though hearsay) *on the fact issue* of how much coal had been mined. Defendants contend that Rector's evidence established their nonliability, except in the amount of $137.-15, which they admittedly had not accounted for. It would be a peculiar way of deciding a motion for summary judgment if a defendant's denial of liability would entitle him to judgment. However, we are not considering the question of *liability*. We must first decide if there is a disputed issue of fact which must be tried and determined.

It is plainly evident from the record and defendants' brief that they were seeking a judgment on the merits of this controversy via the route of a motion for summary judgment. Their basic contention is that at the time they made such motion plaintiff had failed to prove her right to judgment. This was wholly irrelevant to the question of whether a fact issue existed. See International Latex Corporation v. Lexicon Products, Inc., D.C.Pa., 37 F.R.D. 524. We would like to dispel once and for all the notion that one party may compel the other to try the question of ultimate liability on a motion for summary judgment. See Robert Simmons Const. Co. v. Powers Regulator Co., Ky., 390 S.W.2d 901; Turner v. McWhirter Material Handling Co., D.C.Ga., 35 F.R.D. 560.

The burden was on defendants to establish that there was *no issue of a material fact*. Essentially there was only one such issue in this lawsuit and defendants introduced nothing (by way of affidavit or otherwise) to establish it did not exist. There was nothing in the depositions taken by the plaintiff which even tended to make it disappear. The record before the court on June 5 conclusively showed there was this fact issue to be tried. If there was any doubt about it, the motion could not be granted. Mitchell v. Jones, Ky., 283 S.W.2d 716; Castlegate, Inc. v. National Tea Company, D.C.Ga., 34 F.R.D. 221. Since defendants failed to carry the burden of supporting their position, the motion should have been summarily denied.

There is yet another reason why the motion should not have been granted, and because it involves novel questions we will discuss them. They concern what constitutes a "hearing" on such motion, and what supplemental matters may be considered.

CR 56.03 provides in part:

"The motion shall be served at least 10 days before the time fixed for the *hearing*. The adverse party prior to the day of hearing may serve opposing *affidavits*." (Our emphasis.)

CR 56.05 provides in part:

"The court may permit affidavits to be supplemented or opposed by *depositions* or by further affidavits." (Our emphasis.)

Defendants' motion was assigned for hearing on June 5, 1962. No notation in the record shows that a hearing was held on that date. However, an order was entered on September 25, 1962, reciting, "a hearing having been held on June 5, 1962, by the court on said defendants' motion for summary judgment", and ordering "the defendants shall have until October 1, 1962, in which to submit a memorandum in support of their motion for summary judgment and the plaintiff shall have until October 11, 1962, in which to file a responsive memorandum".

We will observe here that between June 5 and October 11 the plaintiff filed her

affidavit concerning the testimony she expected to elicit from the key witness, Bill Sloan, whose testimony she had theretofore been unable to obtain by deposition. She had also taken the depositions of two witnesses who had inspected the mine. If by any stretch of the imagination it could be said that no issue of fact existed on June 5, this affidavit and these depositions positively established the contrary.

In its final order (January 18, 1963) the court refused to consider this affidavit on the ground the plaintiff's statements were hearsay. Even though this affidavit did contain hearsay, we think it could have been considered as within the scope of CR 56.06, and since it related to the unavailability of an important witness, it had a significant bearing on the fact issue question. See Wittlin v. Giacalone, 81 U.S.App.D.C. 20, 154 F.2d 20. The last two depositions were rejected, apparently on the ground that plaintiff should have had all her "proof" in prior to June 5, 1962, the original "hearing" date.

We are at a loss to understand the magical significance of the June 5 "hearing" date. Assuming a hearing was held at that time, it was obviously not completed because the court gave the parties until October 11 to submit memorandums on the motion.

We think it should be borne in mind that a motion for summary judgment is not a trick device for the premature termination of litigation. Its function is to secure a final judgment as a matter of law when there is no genuine issue of a material fact. The fact question presented on the motion is simple and clearcut. The hearing on the motion would not seem to be a complicated affair. The burden is on the movant to establish the nonexistence of a material fact issue. He either establishes this beyond question or he does not. If any doubt exists, the motion should be denied.

For the purposes of this motion the "hearing" would ordinarily constitute the final submission of the issue for judicial examination, consideration *and determination*. Matthews v. Weiss, 15 Ill.App. 2d 530, 146 N.E.2d 809. Of course the court may actually "hear" the parties on more than one occasion but until the question is ready for a decision, the hearing has not been completed. As said in 88 C.J.S. Trial § 1, page 20:

"A requirement of a 'hearing' in judicial proceedings, aside from any constitutional requirement of due process, by common consent presupposes a proceeding before a competent tribunal for the trial of issues between adversary parties, the presentation and consideration of proofs and arguments, *and determinative action by the tribunal with respect to the questions raised by the issues presented.*"

In the present case the date of "hearing" was fixed for June 5, 1962. The record fails to disclose what transpired on that date, if anything, but if a "hearing" was actually held, then nothing more should have remained but for the court to decide the merits of the motion. This the trial judge did not do. Instead, in effect he reassigned the case for further hearing to October 11, 1962, within which time the parties were permitted to file memorandums. The record fails to show that these were filed and the court did not decide the motion until January 18, 1963. To say the least, this is the most drawn out and complicated method of submitting and deciding a motion for summary judgment with which we have ever been confronted.

As before mentioned, this motion is not a trick device. A summary judgment, which is a final order, should not be entered as a form of penalty for failure of the plaintiff to prove his case quickly enough. We think the court should be extremely liberal in allowing the parties to present additional material up until the time the matter is ripe for decision. This judi-

cial approach is exemplified by the following statement in Moore's Federal Practice, Vol. 6, section 56.15(6) (page 2157):

"And although the opposing party's affidavits do not measure up fully to the requirements of Rule 56(e), the court should, nevertheless, in the exercise of a sound discretion grant a continuance or deny the motion for summary judgment where the opposing party is proceeding in good faith and his claim or defense has some merit."

An example appears in Mason v. New York Cent. R. Co., D.C.N.Y., 8 F.R.D. 637, wherein the court denied summary judgment even though plaintiff failed to counter by a proper affidavit defendant's papers in support of the motion, where it appeared in plaintiff's argument that he intended to raise a substantial factual issue. A proper judicial attitude was exemplified in Pittsburgh Hotels Ass'n v. Urban Redevelop. Auth., D.C.Pa., 29 F.R.D. 512. Defendants had moved for summary judgment with a supporting affidavit and the plaintiffs filed no opposing affidavit prior to the time of hearing on the motion. Subsequently, and before the court passed on the motion, both parties filed affidavits and the plaintiff took the deposition of one of the defendants. The trial court decided that all this supplementary material should be considered and made the following observation:

"Upon further reflection I am of the opinion that the deposition of Mr. Pease should be considered, and that defendants should answer those Requests for Admissions which are proper. I can find no authority, and none has been called to my attention, which would limit discovery and prohibit service of a Request for Admissions subsequent to the hearing on the Motion for Summary Judgment; indeed, subsection (f) of Rule 56 indicates rather strongly that a decision should be continued in order to permit parties opposing the motion to take depositions and have discovery of facts essential to justify their opposition."

We do not think Mills v. Reserve Life Insurance Company, Ky., 335 S.W.2d 955, is inconsistent with the principles we have discussed above. In that case a hearing was held on such motion May 2, 1958, and apparently the case was submitted for judgment, which was not entered until May 14. On May 13 and 14, the plaintiff tendered affidavits. It was held the trial court properly ordered these affidavits stricken. While the opinion intimates that CR 56.03 forecloses the right of a party to submit supplementary material, the decision goes no further than to find the court had a right to reject further affidavits after a final hearing when the case was ready for a ruling on the motion. Had it not been for the September 25 order in the present proceeding, the above cited case may have been controlling.

When the court entered this order giving the parties until October 11 in which to file memorandums on the motion for summary judgment, plaintiff's affidavit, as well as the two additional depositions taken on August 11, were before the court. We are of the opinion that when this order was entered the "hearing" was still continued on the motion for summary judgment and that it continued up until the time (October 11) when the motion was apparently ready for submission and determination. In view of the nature of such motion and the unusual circumstances in this case, the trial court should have considered this affidavit and the two additional depositions in passing upon it. Were we to assume that the depositions taken prior to June 5, 1962, sustained defendants' burden of establishing the nonexistence of a material fact, this additional material completely refuted such a contention and the summary judgment should have been denied.

We do not mean to say that the "hearing" under CR 56.03 is not terminated

until the court rules on the motion. The "hearing" date generally is the cut-off time for the filing of additional material, as in Mills v. Reserve. Life Insurance Company, Ky., 335 S.W.2d 955 (above cited). This contemplates, however, that a hearing actually be held and that the merits of the motion are ready for final submission. While extending time for the filing of briefs does not necessarily continue the "hearing", we think under this unusual record it did so.

We are somewhat at a loss to understand why, if a full "hearing" is held *on the question of whether a material fact issue exists,* briefs would be required.[1] As we have before stated in this opinion, that question is simple and clearcut. The defendants' motion in effect seeks to deny the plaintiff his right to trial. It is not the duty of the trial judge to search for the absence of a fact issue. It is the duty of the moving party to establish beyond question that none exists. If he cannot do this at a hearing, it is difficult to see how extended written arguments would remove the judicial doubt.

It should be borne in mind that the granting of a summary judgment is a drastic remedy because it deprives a party of a trial and results in a final judgment against him. If the motion is denied, the moving party suffers no such consequences and may still obtain a favorable judgment. It is for these reasons the considerations on a motion for summary judgment must be loaded in favor of the party opposing the motion, particularly when that party is the plaintiff. The very latest emphasis upon this aspect of the motion appears in Fowler v. Connecticut Mutual Life Insurance Co., D.C.La., 38 F.R.D. 11, page 12:

> "The granting of a summary judgment in effect means there is no evidence in existence upon which a trial is necessary. Because it is such a drastic remedy it must be used with a due regard for its purposes, and a cautious

observance of its requirements in order that no person will be deprived of a trial upon disputed factual issues."

We believe if this approach is kept in mind, summary judgment procedure will be viewed in its proper perspective.

We have written at length on the problems presented because this record indicates the parties, and perhaps the trial court, misunderstood the function of a motion for summary judgment and the primary issue involved on such motion; and because the judgment finally entered appears to have been on the merits of the controversy and not on the fact issue question posed by the motion. It seems to us that in a suit involving an accounting it would be extremely improbable that a motion for summary judgment could be sustained unless one of the parties admitted that the other party's records were correct. There was no such admission here, and defendants filed absolutely nothing to suggest the absence of a genuine issue of a material fact. The burden was on them to make a clear showing to that effect, yet plaintiff's depositions taken prior to June 5 showed quite the contrary. If there was any doubt about the existence of such a fact issue, the court should have denied the motion, and the long period of time it took to decide this motion indicates some doubt somewhere.

In addition to that, this case was not finally "heard" on the motion until October 11, 1962, because it was not ripe for a judicial decision until after that date. By that time the plaintiff had filed an affidavit and two additional depositions which conclusively established a genuine issue of a material fact.

The consideration of depositions brings us to one final question in this case. We have heretofore noted that CR 56.03 permits a party opposing a motion for summary judgment to serve "affidavits" prior

---

1. Briefs would certainly be appropriate on the question of whether the moving party was entitled to judgment (and what kind) as a matter of law *after* the court found there was no issue of fact.

to the day of hearing, and that CR 56.05 provides the court may permit affidavits to be supplemented or opposed by "depositions" as well as "further affidavits". In view of the nature of this motion and the narrow issue it presents, and in view of the latter Rule, we construe CR 56.03 as authorizing the serving or filing of depositions and other pertinent papers prior to the day of hearing. In other words, a party opposing a motion is not limited to the filing of affidavits.

On this motion affidavits may be used by themselves or in conjunction with other materials on the question of whether there is a triable issue of fact. Moore's Federal Practice, 2d Ed., Vol. 6, section 56.11(1)–2 (page 2059). In Pittsburgh Hotels Ass'n v. Urban Redevelop. Auth., D.C.Pa., 29 F.R.D. 512, (heretofore cited) the court accepted a deposition and allowed discovery after the hearing date had passed. We think it only sensible to construe the word "affidavits" in CR 56.03 as including any other pertinent materials which will assist the court in adjudicating the merits of the motion.

The judgment is reversed.

MONTGOMERY, J., dissenting.