## Brougher v. Schenck

*William H. Neff, Jr.,* for plaintiffs.

*Daniel K. Medill* and *Paul C. McCleary,* for defendants.

ATKINS, P. J., March 31, 1970.—Plaintiffs brought an action in equity to enjoin defendants from exploiting plaintiff's alleged trade secrets.

The basic allegations are that, in 1959 and thereafter, plaintiffs had, through research and development, succeeded in producing an improved bar handling and shearing machine for use in the preparation of steel reinforcing bars. The information and skill thus acquired is alleged to constitute a trade secret, which is the property of plaintiffs and which has allegedly been appropriated by defendants and used by them in competition with plaintiffs to plaintiff's detriment.

Answers have been filed by defendants, all of which contain new matter and replies have been filed to the new matter. Some 275 pages of depositions of the parties have been filed with numerous exhibits offered in connection therewith. In addition, there are requests

for admissions under Pennsylvania Rule of Civil Procedure 4014.

There is a motion for summary judgment filed pursuant to Pa. R.C.P. 1035 by all of defendants.

In substance, defendants seem to be saying that there was no trade secret in the first place; in the second place, if there were such a trade secret plaintiffs themselves allowed it to become public information by their failure to protect it, by allowing free access to their plant where anyone could see the machine and fully acquaint themselves with it; and also, by disclosing it to the world when they made it the subject of a patent.

Schacter v. Albert, 212 Pa. Superior Ct. 58, points out that since Pa. R.C.P. 1035 is taken verbatim from Fed. R.C.P. 56(c), the interpretation of the Federal rule by the Federal courts will apply to the Pennsylvania rule. The Superior Court quotes several of the proposals enunciated by the Federal courts as follows:

" 'On motion for summary judgment the Court must consider the entire setting of the case and all the papers that are included in the record. . . . One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue as to any material fact . . . The Court must consider both the record actually presented and the record potentially possible at the time of trial. . . . A hearing on a motion for summary judgment is not a trial on the merits, and the Court on such motion should not attempt to resolve conflicting contentions of fact.' International Latex Corporation v. Lexicon Products, Inc., 37 F.R.D. 524, 525, 526 (E.D. Pa. 1965). The court is to accept as true all well pleaded facts in the plaintiff's pleadings, as well as the admissions on file, giving to the plaintiff the benefit of all reasonable inferences to be drawn therefrom: Pittsburgh Hotels

Assn. v. Urban Redevelopment Authority of Pittsburgh, 202 F. Supp. 486 (W.D. Pa.) aff'd, 309 F. 2d 186 (C.A. 3d Cir. 1962), cert. denied, 372 U.S. 916 (1963). The record must be examined in the light most favorable to the nonmoving party. Fiumara v. Texaco, Inc., 204 F. Supp. 544 (E.D. Pa.), aff'd 310 F. 2d 737 (1962). In passing upon a motion for summary judgment 'it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment.' (In the instant case, appellee.) Admiral Corporation v. Cerullo Electric Supply Co., 32 F.R.D. 379, 380 (M.D. Pa. 1961). '. . . a party should not be deprived of an adequate opportunity to fully develop (sic) his case by witnesses and a trial, when the issues involved make such procedure the appropriate one. . . . It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts. . . . Under such circumstances the case is not one to be decided by the Trial Judge on a motion for summary judgment.' S. J. Groves & Sons Company v. Ohio Turnpike Commission, 315 F. 2d 235, 237, 238 (C.A. 6th Cir.), cert. denied, 375 U.S. 824 (1963)."

Here, of course, it is defendants' position that there is no genuine issue of fact because there was no trade secret to start with; but we believe that the complaint sufficiently pleads one and nowhere in this already voluminous record do we find that the plaintiffs have admitted that none existed.

Neither do we believe that plaintiffs lost whatever secret they had by the failure to adequately protect it. It is true that defendants have testified that they

were never told that the machine was a secret device and that plaintiffs had furnished drawings of at least portions of it to one or more of defendants, or their employes, without ever suggesting that it was a secret device. Plaintiff, Brougher, denied that this was true. We conclude that defendants have not met their burden of showing that there is no genuine issue of fact on this point.

The mere fact that a patent was issued to plaintiff, Brougher, does not necessarily preclude him from enforcing his rights in regard to trade secrets, even though those secrets may be included in the patent. This prospect is recognized and discussed in Van Products Company v. General Welding and Fabricating Co., 419 Pa. 248. We, therefore, enter this

## ORDER

And now, to wit, March 31, 1970, it is ordered, adjudged, and decreed that the motion of defendants for summary judgment be and is hereby refused.