James Edward **NELSON**, Movant,

v.

Paul E. **MARTIN**, Respondent.

Court of Appeals of Kentucky.

April 1, 1977.

Discretionary Review Granted
June 29, 1977.

Stanley R. Hogg, Creech & Hogg, Ashland, for movant.

David O. Welch, Ashland, for respondent.

Before HOGGE, COOPER and REYNOLDS, Judges.

HOGGE, Judge.

This appeal arises from an action for wrongful death filed by the appellant, on behalf of the estate of the deceased, Douglas Nelson, against appellee, Paul E. Martin. Upon completion of the pleadings, defendant moved for a summary judgment. Copies of the motion, supporting affidavits, and notice that a hearing would be held on the motion on January 31, 1976 were served on counsel for appellant. The appellant failed to appear at the hearing on the motion and failed to timely submit memoranda or supporting affidavits. After consideration of the pleadings, memoranda, and affidavits of record on January 31, 1976, the court entered summary judgment for the defendant and the plaintiff appeals.

During the afternoon of August 9, 1975, decedent, Douglas R. Nelson, left his home in Greenup County, Kentucky in the company of his cousin, Robert Rayburn. They proceeded in Rayburn's automobile to Chesapeake, Ohio. Sometime during the evening Rayburn was arrested for driving under the influence of alcohol and placed in jail in Irontown, Ohio. Nelson was not arrested and was left without transportation.

Nelson was not seen again until sometime after 5:00 a.m., on August 10, 1975. According to testimony of appellee, he first saw Nelson lying about 25 feet away in the southbound lane of Route 2 in Greenup County, Kentucky. He applied his brakes, skidded 20 feet, and struck Nelson, dragging him approximately 50 to 60 feet. Appellee stopped, removed Nelson from the highway, went to a nearby house and telephoned police and an ambulance, then returned to the scene of the accident to await the police and ambulance. Nelson died enroute to the hospital.

The appellant, James Edward Nelson, Administrator of the Estate of Douglas R. Nelson, filed his complaint on October 2, 1975, alleging appellee negligently operated an automobile which struck and killed Douglas R. Nelson. On January 19, 1976 appellee filed a motion for summary judgment with supporting affidavits. The motion was set for hearing on January 31, 1976 and notice was given. On January 31, 1976 a hearing was held on the defendant's motion for summary judgment. Through an oversight, attorney for plaintiff failed to appear. On February 2, 1976 the court entered an order directing that the motion for summary judgment stand submitted upon the record as of January 31, 1976 and set the matter for hearing on February 21, 1976. On February 18, attorney for the appellant moved the court to permit him to file a response to the Motion for summary judgment and supporting affidavits. On February 21, the court overruled plaintiff's motion and entered an order granting defendant's motion for summary judgment. It is from that judgment plaintiff below appeals.

The evidence is that the deceased had not been to bed since arising early on the morn-

ing of the 9th of August; that the autopsy revealed that the decedent's blood-alcohol level was .10%; that the speed of the appellee's automobile immediately before the accident was approximately 20 miles per hour; that, due to fog and darkness, visibility was limited to 25 to 60 feet; and that when the decedent was first seen by the appellee he was lying across the road. In the order granting summary judgment, the court ruled that the decedent was contributorily negligent as a matter of law and that the doctrine of last clear chance was not applicable in this situation.

■ Appellant sought to introduce two additional affidavits, after the January 31 hearing on the motion for summary judgment, however the court ruled on the motion on the record as of January 31, 1976. The first of the affidavits sought to be introduced by the appellant was pure hearsay and, as such, was in violation of CR 56.05 wherein it provides that all supporting affidavits must be made on personal knowledge of the affiant and set forth such facts as would be admissible in evidence. The other affidavit, that of Terry Miller, was to the effect that the affiant had driven over the road where the accident occurred shortly after the accident and that, although there was patchy fog, the fog at the scene of the accident when he passed was "not bad" and that visibility was approximately 100 feet. This testimony does not bear directly on the visibility at the time and place of the accident and may only, at best, imply that the visibility at the time and place of the accident was better than the testimony of the other witnesses indicated. It is upon this affidavit alone that appellant predicates his claim that there exists a material issue of fact on the question of last clear chance so as to render the summary judgment in error.

Neither of the above affidavits, however, were of record either on January 31, 1976 when the hearing was held, or on February 2, 1976 when the court ordered the case would stand submitted for consideration as of January 31, 1976. In the February 2nd order, the court gave the parties until February 21st to prepare to come before the court to argue on the record as it then stood.

Appellant cites the case of *Conley v. Hall*, Ky., 395 S.W.2d 575 (1965) in support for his contention that it was error for the court to refuse to accept for consideration the affidavits he submitted on February 18, 1976. In that case the court held:

This case was not finally 'heard' on the motion [for summary judgment] until October 11, 1962, because it was not ripe for decision until that date. By that time the plaintiff had filed two additional depositions which conclusively established a genuine issue of a material fact.

At pages 581–82 the court explained:

We do not mean to say that the 'hearing' under CR 56.03 is not terminated until the court rules on the motion. The 'hearing' date generally is the cut-off time for the filing of additional material, as in *Mills v. Reserve Life Insurance Company*, Ky., 335 S.W.2d 955 (cited above). This contemplates however, that a hearing actually be held and that the merits of the motion are ready for final submission.

■ In this case there was an actual hearing, even though plaintiff failed to attend the hearing, and an order entered February 2nd, clearly stated the motion for summary judgment *would stand submitted on the record as of January 31, 1976,* thereby prohibiting the parties from filing anything additional thereafter. Accordingly, we find no error in the trial court's refusal to accept additional affidavits submitted by the appellant on February 18, 1976.

■ Without the affidavit of Terry Miller, there is obviously no genuine issue of a material fact. There was no other evidence that the appellee did or could have discovered the peril of Nelson in time to avoid the accident, so as to bring this action within the last clear chance doctrine.

■ Additionally, the relevancy of Miller's affidavit, if admitted in the record, would be subject to very serious question. He stated that he did not see the accident nor the body at the scene of the accident,

but he did remember meeting an ambulance *near* the scene. Assuming this to be the Wright ambulance, it would have been some twenty to thirty minutes after the accident that Miller saw the accident scene, and the ambulance, as it was shown in evidence, that it took Wright some fifteen to twenty minutes to reach the accident after he had received the phone call. Thus his testimony as to visibility at the time of the accident would lack relevancy.

The decision of the Boyd Circuit Court is hereby affirmed.

All concur.