**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ELIZABETHTOWN, Kentucky, Appellant,**

v.

**James W. CUNDIFF and Belinda D. Cundiff, His Wife, and George A. Hood and Romaine Hood, His Wife, Appellees.**

Court of Appeals of Kentucky.

Jan. 10, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court March 12, 1986.

David L. Van Zant, Huddleston & Van Zant, Elizabethtown, for appellant.

Damon Talley, Hodgenville, for appellees.

Before CLAYTON, McDONALD and DUNN, JJ.

DUNN, Judge.

This is an appeal from the judgment of the Larue Circuit Court in an action by appellant, First Federal Savings and Loan Association, to foreclose on real property purchased by appellees, George A. and Romaine Hood. By that judgment the circuit court granted summary judgment in favor of appellees Hoods, based upon its determination that appellant was estopped from its enforcement of a mortgage executed by Hoods' predecessors in title. On appeal appellant contends that the trial court erred in that its action was grounded solely upon the fact that appellant had failed to attend the public auction of the property to appellees. The basis of the trial court's judgment was not so narrow, however. Rather it concerned the entire course of appellant's dealings with appellees and whether those events were adequate to prevent the continued assertion of the mortgage against them. We conclude that the undisputed facts of this case are sufficient to give rise to the application of the remedy of equitable estoppel and affirm the judgment of the Larue Circuit Court.

We are not reciting detailed facts of this appeal as they are of record and well known to counsel and the litigants. We provide only those facts necessary to provide for meaningful appellate review.

Summary judgment is proper only when the trial court, drawing all factual inferences in favor of the non-moving party, can conclude that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law. CR 56.03; *Conley v. Hall,* Ky., 395 S.W.2d 575 (1965). Both those conditions have been satisfied in the present appeal.

First, the uncontradicted evidence contained in the record discloses that appellees purchased the disputed real property at an auction approved by appellant as "public" and "absolute" in nature. Furthermore, appellant took no action during the auction to make known its expectation that the purchaser was bound by the mortgage executed by the previous owners of the property. As a result, appellees signed a contract of sale guaranteeing the delivery to them of unencumbered, marketable title, obtained approval of a loan to finance their purchase of the property, and then undertook, without objection from appellant, substantial and valuable improvements to it. In spite of those actions, appellant made no effort to inform appellees of its belief that the prior mortgage remained enforceable against them until shortly before it filed its amended complaint in this proceeding.

In light of these facts, the existence of which appellant did not attempt to dispute, the trial court determined that the conditions necessary to give rise to the application of equitable estoppel were present in this case. Specifically, appellant's failure to object to the advertised terms of the public auction and its subsequent delay in seeking the enforcement of its mortgage induced appellees to execute the contract obligating them to purchase the property and then undertake substantial improvements to it. *See* 28 Am.Jur.2d *Estoppel*

*and Waiver* § 35 (1966); *McDonald v. Burke,* Ky., 288 S.W.2d 363 (1955); *Pennington v. Napier,* 304 Ky. 666, 201 S.W.2d 738 (1948). A review of the above authorities indicates that the remedy of equitable estoppel is indeed applicable to such circumstances. The trial court did not err in granting appellees' motion for summary judgment.

The judgment of the Larue Circuit Court is AFFIRMED.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.