DACH, Respondent, vs. GENERAL CASUALTY COMPANY and others, Appellants.*

*May 6—June 1, 1942.*

---

\* Motion for rehearing denied, with $25 costs, on September 16, 1942.

36

For the appellants there was a brief by *Higbee & Higbee* of La Crosse, and oral argument by *Jesse E. Higbee*.

*J. Henry Bennett* and *Olga Bennett,* both of Viroqua, attorneys, and *Daniel H. Grady* of Portage of counsel, for the respondent.

MARTIN, J.   On April 9, 1940, plaintiff, an employee of the W. H. Winsted Company, was, at the direction of his employer, assisting the defendant Tollefson and his truck driver, Henthorn, in hauling tobacco from the Pool warehouse to the Winsted warehouse in the city of Viroqua. Tollefson, a licensed public carrier, furnished his truck and driver on an hourly basis.   The Winsted Company had at least two of its employees assist in loading tobacco on truck at the Pool warehouse and in unloading the tobacco at its warehouse.   It was the custom of tobacco handlers such as plaintiff to ride on top of the load in going from one warehouse to the other, so as to be in readiness to assist in unloading the truck at the receiving warehouse.   The truck driver helped in the loading and unloading.   The tobacco was wrapped in bundles, each weighing approximately fifty pounds, about thirty-four inches long, from twelve to fifteen inches thick, wrapped in heavy paper and tied with a cord.

In the loading process at the Pool warehouse the truck driver remained on his truck, received and placed the bundles in the load.

The Winsted Company, in the spring of 1940, had purchased seven hundred thousand pounds of sorting tobacco from the Pool. Tollefson trucked all of the tobacco from the Pool warehouse to the Winsted Company warehouse. The truck in use the day plaintiff was injured had a rack approximately seven feet six inches in width, twelve feet in length, with side rails five feet high. It was equipped with a tail gate which was not generally used in making short hauls from one warehouse to another. The tobacco bales were loaded lengthwise on the truck, and the loads usually extended about six inches above the top of the side rails. The entire body of the truck was filled.

Henthorn had worked for Tollefson as a truck driver for about two years, hauling tobacco back and forth between warehouses at Viroqua. He knew it was the custom of the tobacco handlers who assisted in the loading and unloading of his truck to ride on top of the load in going from one warehouse to another. On the particular trip in question he knew plaintiff was riding on top of the load. On the trip from the Pool warehouse to the Winsted Company warehouse the truck was proceeding along East avenue toward Gillette street, at the intersection of which streets Henthorn made a short turn to the east on his way to the receiving warehouse. As this turn was made, a part of the load commenced to slide off over the end of the truck, the bundles carrying the plaintiff with them, thus causing plaintiff's injury.

Plaintiff alleges two grounds of negligence: (1) Failure to have the truck equipped with stakes, endgate, etc., in violation of sec. 85.38, Stats. 1939; (2) negligence in the operation of the truck in the following respects: (a) Driving at an excessive and negligent speed under the circumstances; (b) turning the corner too sharply and abruptly, thereby

throwing the load off the rear. The jury found defendant truck driver negligent in the equipment, operation, and management of said truck, with respect to not having the truck equipped with stakes, guards, or other means to prevent the escape of the load. The jury further found that the truck driver, in the equipment, operation, and management of the truck, increased the danger or added to the risk which plaintiff assumed in riding on top of the load. They found the driver not negligent as to speed; also found plaintiff causally negligent and attributed thirty per cent of the total negligence to him, and seventy per cent to the truck driver.

The plaintiff did not plead gross negligence nor did he request any submission upon any theory of gross negligence being involved. On the motions after verdict, the trial court said:

"I think that the court erred in the manner and form in which the special verdict was submitted to the jury. The court is still of the opinion that it was host and guest, but I am of the opinion that a question of gross negligence should have been submitted to the jury. I don't think the court has a right, even on the undisputed evidence, to say as a matter of law that there was gross negligence. That is always a jury question. The court is of the opinion that the question of gross negligence should have been submitted to the jury with appropriate instructions as to what constitutes gross negligence."

The trial court on its own motion set aside the verdict and ordered a new trial of all the issues on the ground that it had erred in not submitting a question on gross negligence. In this respect the trial court erred. As stated, gross negligence was not alleged. Plaintiff made no request to have that issue submitted to the jury, and we fail to find a scintilla of evidence having any possible bearing on gross negligence, unless it can be said that the defendants' failure to comply with sec. 85.38, Stats. 1939, constitutes gross negligence. That section provides:

"No vehicle shall be operated or moved on any highway unless such vehicle is so constructed and loaded as to prevent its contents from dropping, sifting, leaking, or otherwise escaping therefrom."

Sec. 85.91 (2), Stats. 1939, provides:

"Any person violating any of the provisions of section . . . 85.38 . . . shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not to exceed twenty-five dollars for the first offense and for the second or each subsequent conviction within one year thereafter, by a fine not to exceed one hundred dollars or by imprisonment in the county or municipal jail for not more than thirty days, or by both such fine and imprisonment. . . ."

The mere violation of sec. 85.38, Stats., does not constitute gross negligence. *Roswell v. Chicago, M., St. P. & P. R. Co.* 240 Wis. 507, 2 N. W. (2d) 215. The failure to have the endgate in place on the truck was negligence *per se,* but not necessarily actionable negligence. *Roswell v. Chicago, M., St. P & P. R. Co., supra.* Respondent, in his brief, states:

"Plaintiff did not plead that this violation was 'gross' negligence, nor did he ask to amend his complaint to charge 'gross' negligence. Plaintiff did, however, allege that the violation of the criminal statute requiring an endgate, etc., was negligence *per se* and was the proximate cause of plaintiff's injury; and the jury so found."

The verdict as submitted covered all the issues made by the pleadings and the evidence. We think it clear that the order of the court, made on its own motion, setting aside the verdict and granting a new trial on all issues, was granted upon an erroneous view of the law. Under these circumstances it was not a discretionary order. *Tracy v. Malmstadt,* 236 Wis. 642, 646, 296 N. W. 87, and cases there cited. The truck driver's negligence, the plaintiff's contributory negligence, the question of whether the truck driver, in the equipment, operation, and management of the truck, increased the

danger or added to the risk which plaintiff assumed, and the apportionment of the negligence were all issues of fact for the jury. The findings are sustained by the evidence.

Appellants' contention in behalf of the defendant General Casualty Company that its policy does not cover the accident in question is made upon the supposition that the plaintiff and the truck driver were employees of a common employer, namely, the W. H. Winsted Company. The policy provides, subdivision (c) of B, Limitations, that the company shall not be liable under section 11 for loss or claim arising or resulting from (c) "bodily injury to or death of any coemployee of the driver while both are engaged at the time of the accident in the service of a common employer, and the driver is engaged in the operation, maintenance or repair of any automobile covered herein." The contention is without merit. The undisputed testimony shows that plaintiff was, at the time in question, an employee of the W. H. Winsted Company. The defendant Tollefson was an independent contractor, a licensed public carrier, engaged in transporting tobacco from the Pool warehouse to the Winsted Company warehouse; defendant Henthorn was his employee. The fact that plaintiff and other employees of the Winsted Company assisted in the loading and unloading of the tobacco does not make them and the truck driver employees of a common employer. The plaintiff is entitled to judgment on the verdict for seventy per cent of the damages assessed, with costs.

*By the Court.*—Order reversed. Cause remanded with directions to reinstate the jury's verdict and to enter judgment thereon in favor of the plaintiff against defendants, with costs.