**STRANS AUTO SALES CORP., Plaintiff,**

**v.**

**WORLD WIDE AUTOMOBILE CORP., Fifth Avenue Motors, Inc. and Queensboro Motors Corp., Defendants.**

United States District Court
S. D. New York.

Sept. 30, 1958.

Arnold Malkan, New York City, for plaintiff, Martin G. Stein, New York City, of counsel.

Rosenman, Goldmark, Colin & Kaye, New York City, for defendants, Malcolm A. Hoffmann, New York City, Alan Schwarz, Mervin Rosenman, New York City, of counsel.

DIMOCK, District Judge.

Plaintiff, a former Volkswagen dealer, brings this antitrust suit against World Wide Automobile Corp., the Volkswagen distributor for the New York territory, and two other Volkswagen dealers, both being corporations owned by the same stockholders as defendant World Wide Automobile Corp., hereinafter World Wide.

World Wide terminated plaintiff's dealership. Plaintiff says that its trade was restrained by defendants' favoring themselves and that defendants conspired and attempted to monopolize the foreign car market in violation of the antitrust laws. 15 U.S.C. §§ 1–2, 15.

Defendants have moved for summary judgment. Defendants say that, even if there had been an agreement among themselves to divert retail trade to themselves, that agreement, absent monopoly,

would not constitute a violation of the antitrust laws. Defendants go on to say that there is not the slightest evidence of monopoly so that there is not even an issue of fact as to its existence. If, therefore, there is any issue as to the existence of monopoly, defendants' motion for summary judgment must fail.

When we speak of monopoly we necessarily refer to monopoly of a relevant market. If the relevant market here is the automobile market, it is true that there is not the slightest evidence that defendants have a monopoly of that market. Schwing Motor Company v. Hudson Sales Corporation, D.C.Md., 138 F.Supp. 899, affirmed on opinion below, 4 Cir., 239 F.2d 176, certiorari denied 355 U.S. 823, 78 S.Ct. 30, 2 L.Ed.2d 38; Packard Motor Car Co. v. Webster Motor Car Co., 100 U.S.App.D.C. 161, 243 F.2d 418, certiorari denied 355 U.S. 822, 78 S.Ct. 29, 2 L.Ed.2d 38; Klor's, Inc., v. Broadway-Hale Stores, 9 Cir., 255 F.2d 214.

A crucial question here therefore is whether the relevant market is the automobile market or something else. Plaintiff says that the relevant market is the economical foreign car market. Defendants, citing such cases as United States v. E. I. du Pont De Nemours & Co., 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264, say that there is competition between the economical foreign cars and the low priced American cars, both new and used, so that the relevant market is so large as conclusively to preclude the finding of monopoly by Volkswagen.

■■ There is much to be said for this position of defendants. Perhaps I would have to say that there is not enough evidence of a relevant low priced foreign car market for me to submit the issue to a jury but that is not the question before me. As I understand the law, plaintiff is entitled to a full dress trial so long as it specifies facts which raise the slightest issue. Radio City Music Hall Corporation v. United States, 2 Cir., 135 F.2d 715, 718; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130; American Auto. Ass'n v. Spiegel, 2 Cir., 205 F.2d 771, certiorari denied 346 U.S. 887, 74 S.Ct. 138, 98 L. Ed. 391. I cannot say that the facts relied upon by plaintiff do not even create an issue as to the relevant market.

Defendants say, however, that, even if the relevant market is the economical foreign car market, Volkswagen had no monopoly of it. In support of this defendants point out that, in 1955, the last year in which plaintiff was a dealer, sales amounted to 56% of total foreign car sales and that in 1957 its share had decreased to 31%. Defendants cite the statement by Judge Learned Hand in United States v. Aluminum Co. of America, 2 Cir., 148 F.2d 416, 424, that it was doubtful whether 60% or 64% would be enough. Again, however, there is an issue of fact to be decided and Judge Hand's words are not strong enough to brand that issue as sham. Indeed, defendants themselves cite the words of the Supreme Court in United States v. Columbia Steel Co., 334 U.S. 495, 528, 68 S.Ct. 1107, 1124, 92 L.Ed. 1533, "[t]he relative effect of percentage command of a market varies with the setting in which that factor is placed."

Defendants' motion for summary judgment is denied.