**RELIABLE VOLKSWAGEN SALES AND SERVICE COMPANY, Inc., Plaintiff,**

**v.**

**WORLD–WIDE AUTOMOBILE CORP., Fifth Avenue Motors, Inc., Queensboro Motors Corp., Volkswagen of America, Inc., Volkswagen United States, Inc., Volkswagenwerk, G.m.b.H., Charles J. Dillon and Arthur Stanton, Defendants.**

Civ. A. Nos. 132–59, 554–60.

United States District Court
D. New Jersey.
Dec. 10, 1963.

See also D.C., 26 F.R.D. 592.

---

Davis & Roth, Jersey City, N. J., for plaintiff, and Louis G. Greenfield, and Sidney W. Rothstein, New York City, of counsel.

Crummy, Gibbons & O'Neill, Newark, N. J., for defendants Volkswagen of America, Inc., Volkswagen United States, Inc., Volkswagenwerk, G.m.b.H., by John J. Gibbons, Newark, N. J., and Herzfeld & Rubin, New York City, of counsel, by Herbert Rubin, Walter Herzfeld, and Rita E. Hauser, New York City.

Arthur L. Abrams, Newark, N. J., for defendants World-Wide Automobile Corp., Fifth Avenue Motors, Inc., Queensboro Motors Corp., Charles J. Dillon and Arthur Stanton, by Mervin Rosenman, New York City, of counsel.

WORTENDYKE, District Judge.

The nature and scope of the consolidated litigation indicated in the caption hereof have been disclosed in previous interlocutory decisions of this Court therein, reported respectively in 182 F. Supp. 412 (Judge Forman's opinion) and in 216 F.Supp. 141 (opinion of the present writer).

The cause of action alleged in count 6 of the complaint in each case is predicated upon 15 U.S.C. §§ 1, 2 and 15 and charges a conspiracy on the part of all of the named defendants to create a monopoly in the retail sale of Volkswagen automobiles and parts in an area comprising portions of the States of New York, New Jersey and Connecticut. The beneficiaries of the monopoly referred to are alleged to be the defendants World-Wide Automobile Corp. (hereinafter World-Wide), Fifth Avenue Motors Inc. (hereinafter Fifth Ave.) and Queensboro Motors Corp. (hereinafter Queensboro). Judge Forman's opinion was evoked by a motion of the defendants Volkswagen of America, Inc. (hereinafter VOA) and Volkswagenwerk G.m.b.H. (hereinafter VW) for dismissal of the sixth cause of action for failure to state a claim upon which relief can be granted, or for summary judgment. That motion was denied because:

> "Here the complaint alleges that Dillon and Stanton are officers and directors of the defendants World-Wide, Fifth Avenue and Queensboro, and that World-Wide 'acts for and carries out the orders, directives, and sales and operational policies dictated and promulgated by defendants [VW] VUS and VOA * * *' and that the defendants conspired 'to create a monopoly in the retail sale of [VW products] in the [Connecticut, New Jersey, New York] area in the defendants World-Wide, Fifth Avenue and Queensboro.' " (182 F. Supp. 420.)

Despite the legality of the practice considered in Schwing Motor Co. v. Hudson

Sales Corp., D.C.Md.1956, 138 F.Supp. 899, affd. 4 Cir. 1956, 239 F.2d 176, and in Packard Motor Car Co. v. Webster Motor Car Co., 1957, 100 U.S.App.D.C. 161, 243 F.2d 418, Judge Forman ruled that "[t]he validity of the instant practice must await evidence of its reasonableness, in view of its asserted monopolistic tendency and the alleged financial interest of defendants Dillon and Stanton in the distributor, World-Wide and in the dealers, Fifth Avenue and Queensboro, having in mind the allegation that defendant World-Wide acts for VW and VOA and that defendants Dillon and Stanton are allegedly officers thereof. These last factors limit the applicability of both Schwing and Packard to this case, at least at this stage of the proceeding." (182 F.Supp. p. 421.)

There is presently before me a motion by the defendants World-Wide, Fifth Avenue, Queensboro, VOA, VUS and VW (1) to dismiss the sixth cause of action pursuant to F.R.Civ.P. Rules 12(b) (6) and 56, or, in the alternative, pursuant to Rule 12(c) for judgment on the pleadings with respect to said cause of action; or (2) for an order pursuant to Rule 16 precluding the taking of proof on said cause of action; or (3) pursuant to Rule 42(b) for a separate trial upon the question whether Volkswagen products are a "market" in themselves as alleged in said cause of action.

Movants seek a dismissal of the sixth cause of action on two grounds: (1) Volkswagen automobiles and parts are not a relevant market for purposes of a charge of monopolization under the Sherman Act; (2) the charge of conspiracy to grant a monopoly to a single wholesaler and two retailers is false. For support of the first of these grounds, movants rely upon United States v. E. I. DuPont de Nemours & Co., 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264, and Packard Motor Car Co. v. Webster Motor Car Co., supra. For support of both the first and second grounds they rely upon depositions on file and upon information set forth and

incorporated by reference in the affidavit of J. Stuart Perkins, Vice-President and General Manager of VOA, based upon statistical data obtained from publications said to be commonly accepted by the so-called automobile trade as a basis for planning and practice. The movants ask the Court to apply judicial notice in substantiation of the factual material referred to in the affidavit.

■■ It is elementary that even undisputed facts will not support a summary judgment if contrary inferences may be drawn from the conceded facts. United States v. Bethlehem Steel Corp., D.C.N.Y.1958, 157 F.Supp. 877; United States v. United Scenic Artists, D.C.N.Y. 1961, 27 F.R.D. 499; United States v. Diebold, Inc., 1962, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176. Because matters outside the pleadings have been presented on this motion, it is in effect a motion for summary judgment pursuant to Rule 56, and a motion under that Rule may only be granted where it appears that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The proceedings which have transpired in this case, since Judge Forman concluded that the reasonableness of the charged conspiracy was an issue precluding the dismissal of the sixth cause of action, have not altered the situation with which he was confronted. That issue still persists.

■ What constitutes the relevant market, for purposes of a private treble-damage antitrust action based upon the charge of monopolization, may be a question for the jury. Compare Rogers v. Douglas Tobacco Board of Trade, Inc., 5 Cir. 1959, 266 F.2d 636, 643.

■ In a private antitrust action based upon a charge of monopoly in violation of the Sherman Act, the limits of the relevant competitive market, in which the monopoly is alleged to exist, must first be determined. The proper limits of such market define the area within which competitors offer a reasonable substitute for the commodities offered by the alleged monopolizer. Beacon Fruit & Produce Co. v. H. Harris & Co., D.C. Mass.1957, 152 F.Supp. 702, 705. The relevant market consists of products that have reasonable interchangeability for the purposes for which they are produced and used, and it is determined by the varying circumstances of each case. United States v. E. I. DuPont, etc., supra, 351 U.S. 395, 404, 76 S.Ct. 1007, 1012, 100 L.Ed. 1264. The evidence before me is not so undisputed or susceptible of but a single inference as to enable me to discern the boundaries of the relevant market referred to by the charges of the plaintiff (even if it were not a question reserved for the jury). In Strans Auto Sales Corp. v. World Wide Automobile Corp., D.C.N.Y.1958, 166 F.Supp. 313, (brought by a different plaintiff against certain of the present defendants) the complaint charged restraint of trade to plaintiff's damage by self-favoring and conspiracy on the part of the defendants to monopolize the foreign car market in violation of the antitrust laws. Defendants moved for summary judgment, contending that even if there had been an agreement among the defendants to divert retail trade to themselves, the absence of a monopoly would not constitute a violation of the antitrust laws, and that, upon the facts presented on the motion, there was not the slightest evidence of such a monopoly. In denying the motion, Judge Dimock, of the Southern District, used the following language (166 F.Supp. p. 314):

> "When we speak of monopoly we necessarily refer to monopoly of a relevant market. If the relevant market here is the automobile market, it is true there is not the slightest evidence that defendants have a monopoly of that market. * * * A crucial question here therefore is whether the relevant market is the automobile market or something else. Plaintiff says that the relevant

market is the economical foreign car market. Defendants * * * say that there is competition between the economical foreign cars and the low price American cars, both new and used, so that the relevant market is so large as conclusively to preclude the finding of monopoly by Volkswagen. * * * As I understand the law, plaintiff is entitled to a full dress trial so long as it specifies facts which raise the slightest issue. * * * I cannot say that the facts relied upon by plaintiff do not even create an issue as to the relevant market."

The foregoing language seems directly apposite to the factual allegations presented to me in support of and in opposition to the pending motion. See further, in this connection, the opinion of Judge Leahy in Dovberg v. Dow Chemical Co., D.C.Pa.1961, 195 F.Supp. 337, and that of the present writer in Curto's, Inc. v. Krich-New Jersey, Inc., D.C.N.J. 1961, 193 F.Supp. 235. The Supreme Court of the United States in Poller v. Columbia Broadcasting System, Inc., 1962, 368 U.S. 464, at 473, 82 S.Ct. 486, at 491, 7 L.Ed.2d 458 warns that "summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot." See also White Motor Co. v. United States, 1963, 372 U.S. 253, 259, 83 S.Ct. 696, 9 L.Ed.2d 738.

■ With respect to defendants' contention that the charge of conspiracy to grant a monopoly to one wholesaler and two retailers is false, they argue that depositions and affidavits on file show that plaintiff was replaced by a new dealer at the same location, who is still operating there, and further that there has been a steady increase in dealerships in the tri-state area. Therefore, say defendants, those facts establish conclusively that there was no conspiracy to monopolize as alleged in the complaint.

Plaintiff argues that the same depositions and affidavits show that the number of new dealerships in the tri-state area has not increased in the same proportion as in the rest of the country, while new VW vehicle registrations have increased at the same rate in both areas, making these facts consistent with a conspiracy to monopolize. As with the issue of the determination of the relevant market, these facts, even if undisputed, are subject to conflicting inferences, and the issue of the falsity of the monopolization charge cannot be determined on a motion for summary judgment. Beacon Fruit & Produce Co. v. H. Harris & Co., supra, 152 F.Supp. at p. 705.

Movants further urge that, if this Court should deny the motion for summary judgment, considerations of economy of expense and effort render desirable a trial of the question of relevant market in advance of the other issues in the case. Authority for a separate trial of any separate issue or issues is to be found in F.R.Civ.P. 42(b). Movants cite as precedents for their suggested separate trial Taxin v. Food Fair Stores, Inc., D.C.Pa.1959, 24 F.R.D. 457; United States v. General Motors Corp., D.C.Mich. 1960, Civil 15816, (not officially reported); Parmalee Transportation Co. v. Keeshin, D.C.Ill.1960, 186 F.Supp. 533, affd. 7 Cir., 292 F.2d 794, cert. den. 368 U.S. 944, 82 S.Ct. 376, 7 L.Ed.2d 340; and certain text writers.

■ In these consolidated cases the plaintiff's right to trial by jury has not been waived. The disclosures made during the discovery process and in connection with interrogatory motions satisfy me that the evidence upon the question of the relevant market, with respect to which the charges of monopoly have been made, is inextricably interwoven with the evidence upon all of the issues presented by the sixth cause of action, and the answers of the defendants thereto. To try the issue of relevant market separately from the other issues would not only involve unnecessary time and added

expense, but might possibly result in inconsistent findings by the respective juries. None of the objectives envisaged by the provisions of the Rule relied upon would be likely of achievement should the questions referred to be separately tried. Frasier v. Twentieth Century-Fox Film Corp., D.C.Neb.1954, 119 F.Supp. 495, 497.

For the reasons indicated in the foregoing views, the present motion of the defendants is denied in all respects, and an appropriate order may be presented.