AMERICAN INSURANCE COMPANY,
Appellant,

v.

Al HORTON, doing business as Horton Fruit Company, Appellee.

LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY, Appellant,

v.

Al HORTON, doing business as Horton Fruit Company, Appellee.

PROVIDENCE WASHINGTON INSURANCE COMPANY, Appellant,

v.

Al HORTON, doing business as Horton Fruit Company, Appellee.

Court of Appeals of Kentucky.

March 11, 1966.

by them creates an inference of negligence sufficient to entitle them to judgment.

On May 12, 1960, there was an explosion on the premises owned by the Louisville Produce Association, Inc., and leased to appellee. The appellants have satisfied the claims of their insureds, including Louisville Produce, and are seeking to enforce subrogation rights against appellee on the theory that appellee was responsible for the explosion.

Appellee, as the name of his firm implies, handles fruit. In so doing he ripens bananas by artificial means. The explosion occurred in the north banana room of the premises occupied by appellee. These banana rooms are constructed for the purpose of curing and ripening bananas. The bananas are exposed to gas in an airtight room in which the temperature is controlled. Ethylene gas is used in the process and can be highly reactive and explosive when mixed with air in certain ratios. There was a heat control and refrigeration unit suspended from the ceiling of the room. In the ceiling there were natural gas lines leading to the heater. Spray nozzles for ejecting a mist of water were also in the room. There was a drain in the room leading into the sewer system.

Andrew Lococo, appellee's employee, was in charge of the ripening process. He testified that on May 11, 1960, he left the premises but returned about 6 p. m. to receive a shipment of bananas. After he had hung the bananas Lococo set the temperature controls and released two lecture tubes of ethylene gas into the room. He held the tubes until they were empty. The room was then locked. He returned to the premises about 1 a. m. or 2 a. m. He had been sitting in the front office a few minutes when the explosion occurred.

Appellants contend that the circumstances were sufficient to create an inference of negligence by appellee, entitling them to a judgment. To that end they have sought to show that ethylene gas was the cause of the explosion and to exclude natural gas and

Armer H. Mahan, Davis & Mahan, Louisville, for appellants.

William O. Guethlein, Jr., A. J. Deindoerfer, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Charles F. Wood, Greenebaum, Barnett, Wood & Doll, Louisville, for appellee.

STEWART, Judge.

American Insurance Company, Liverpool & London & Globe Insurance Company, and Providence Washington Insurance Company each appeals from a judgment dismissing its complaint against Al Horton, doing business as Horton Fruit Company. A total of $102,763.56 was sought. The cases were considered together and summary judgment in favor of Horton was granted in each case. Appellants contend, among other things, that the proof offered

sewer gas as a cause. The natural gas lines leading to the heater were already constructed when appellee moved to the premises. All of the gas lines, including heaters and meters, were shown to have been under the exclusive control of the Louisville Produce Association, as was the drain for water which was also a part of the original construction of the building. The drain carried the excess moisture from the water sprays and the water used in cleaning the room. The drain was connected with the sewer.

There was evidence that there may have been a natural gas leak in the room by reason of the installation of the heater contrary to the building code ordinance of the City of Louisville. It was also shown that sewer or marsh gas could have entered the room from the drain.

Four witnesses testified that late in the afternoon before the explosion they had smelled a strong odor on the premises which smelled like natural gas. Investigators were sent in by the parties to determine the cause of the explosion. These experts were unable to point to a definite cause but none concluded that it was ethylene gas. Three of them decided that it was probably natural gas, while two said no, it was probably sewer gas. Another could not arrive at any definite conclusion as to the cause. In substance no one attributed the explosion to ethylene gas.

Appellants rely on Marlowe Construction Company v. Jacobs, Ky., 302 S.W.2d 612. That case is distinguishable, in that it was an action for damages caused by negligent blasting operations. The construction company was engaged in blasting so there was little doubt as to the cause of the injury.

This case is more like Rollins v. Avey, Ky., 296 S.W.2d 214. There, the plaintiff, whose home was destroyed by an explosion, sued the manufacturer of a gas floor furnace, the wholesaler, the seller, the installer, and others. A directed verdict for the defendants given on the ground that the furnace was not shown to have caused the

accident was sustained. The following from Rollins v. Avey is pertinent:

"Plaintiffs would have us apply the doctrine of res ipsa loquitur as a substitute for proof of the instrumentality bringing about the explosion. This would extend the doctrine beyond its permissible scope. The rule creates an inference of negligence arising from an identifiable event. It assumes that the instrumental cause of the accident has been established.

"Here there is no such proof. Plaintiffs' claims are based on the contention that the instrumental cause of the explosion can be inferred from the installation of the gas furnace and that defendants' negligence (or breach of warranty) may be inferred from the nature of the occurrence. Plaintiffs do not sustain the burden of proof by the compounding of inferences."

\* \* \* \* \* \*

"Since plaintiff failed to prove with any degree of definiteness that the furnace, manufactured, sold and installed by the defendants, was the instrumental cause of the explosion, any inference of negligence as the proximate cause thereof must be based upon conjecture, surmise and guesswork."

See also McAtee v. Holland Furnace Company, Ky., 252 S.W.2d 427; Rural Natural Gas Company v. Arvin, Ky., 270 S.W.2d 610; Caplinger v. Werner, Ky., 311 S.W.2d 201; Highway Transport Company, Inc. v. Daniel Baker Company, Inc., Ky., 398 S.W. 2d 501 (decided October 8, 1965). The suggested basis for distinguishing these cases is not meritorious.

Appellants contend that granting the summary judgments was improper. It is clear in view of the extensive investigation that appellants could not establish that the explosion resulted from appellees' ethylene gas. In such case the rule is that "summary judgment is proper when it is

manifest that the party against whom the judgment is sought could not strengthen his case at a trial and the moving party would be entitled ultimately and inevitably to a directed verdict." Adkins v. Greyhound Corporation, Ky., 357 S.W.2d 860; Mario's Pizzeria, Inc. v. Federal Sign and Signal Corp., Ky., 379 S.W.2d 736.

The summary judgments were properly granted.

Judgments affirmed.