**Edward L. SPENCER et al., Appellants,**

v.

**Joseph P. LEONE et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 22, 1967.

Rehearing Denied Dec. 15, 1967.

Herbert D. Sledd, Brown, Sledd & Mc-Cann, Lexington, for appellants.

Johnson & Burton, Dailey & Fowler, Frankfort, for appellees.

JAMES S. SHAW, Special Commissioner.

Appellees brought this action seeking injunctive relief or damages against the appellants, alleging that appellants installed catch basins and drainage pipes which diverted water from natural drainage and caused the water to flow from their property into that of appellees. They also alleged that noxious odors were coming from a sewage treatment plant placed on the rear of appellants' property. By proper pleadings these facts were denied and a third party complaint was filed by appellants against the Frankfort Country Club seeking relief against it in the event appellees were successful against the appellants on their original complaint. After all issues were joined and the deposition of Dr. Leone, an appellee, was taken, appellees made a motion for summary judgment, supporting same by the record, deposition of Dr. Leone, and a number of affidavits of witnesses who would have been used in a trial on the merits. A number of counter-affidavits were filed by appellants in opposition to said motion and the matter was submitted to the trial court on the motion for summary judgment.

The trial court, apparently concluding that the evidence offered by the deposition and affidavits filed would be the same as in the trial of the case on its merits (and probably correctly so) sustained the motion for summary judgment in favor of appellees. From this judgment appellants appeal, assigning as errors three separate grounds, only one of which this court will concern itself with because the judgment must be reversed by virtue of the single error. The question—shall the trial court sustain a motion for summary judgment when there exists a single material issue of fact raised either in support of or opposition to the motion?

Evaluating the testimony of the appellees, certain evidentiary facts are offered in the testimony by deposition of Dr. Leone, the affidavits of Leone and wife, Frazer and wife, Boden and wife and Baker, all of which support and tend to prove the facts alleged by appellees. On the other hand, appellants offered in support of their pleadings the affidavits of F. P. Phipps, W. H. Grove, Henry H. Carter, J. W. Schneider and Eugene F. Perkins. The bulk of the information gleaned from reading the statements of the appellants is negative in nature, but there is just enough probative evidence therein to raise an issue of fact, which, in this situation, will require a "full blown" hearing on a subsequent trial on the merits of the case. Appellees' proof shows that the drainage had been changed, and that the sewage treatment plant erected by appellants caused offensive and noxious odors. Appellants' statements offered indicated that the odors were not noticeable to many and that the drainage had not been changed in any way that appellees might be affected except by heavy rains. For a witness to say "we smelled noxious and nauseous odors coming from Spencer's sewage plant" is positive testimonial evidence. For another to testify "we smelled no odors in that area" we take to be purely negative testimony. However, following the guide lines heretofore laid down, we must now conclude that the trial court was in error.

All doubts must be resolved against the movant as indicated by the last three decisions of this court.

In Robert Simmons Construction Company v. Powers Regulator Company, Ky., 390 S.W.2d 901, 905 (1965), this court thus summarized the law pertaining to summary judgment:

"Since the burden of establishing the non-existence of any genuine issue of material fact is on the moving party, for the purposes of the motion all doubts are to be resolved against him. Rowland v. Miller's Adm'r, Ky., 307 S.W.2d 3, 6 (1956); Clay, Kentucky Practice, CR 56.03, Note 5 (Vol. 7, p. 165.) Ordinarily, summary judgment is proper when it is manifest that the opposing party could not strengthen his case at trial and the moving party would be entitled ultimately and inevitably to a directed verdict. Adkins v. Greyhound Corporation, Ky., 357 S.W.2d 860, 862 (1962). There may be instances in which the opposing party, if he has countervailing evidence, cannot hold it back until trial—for example, if it consists of information to which he alone has access. See Moore's Federal Practice, R. 56, § 56.15(5) (Vol. 6, p. 2144 et seq.). But that situation cannot arise unless and until the moving party has properly shouldered the initial burden of establishing the apparent non-existence of any issue of material fact. Id., p. 2153. It is clear that one party cannot compel the other to try his case on a motion for summary judgment. Clay, Kentucky Practice, CR 56.03, Note 5 (Vol. 6, p. 166); Payne v. Chenault, Ky., 343 S.W.2d 129, 132–133 (1960)."

In Conley v. Hall, Ky., 395 S.W.2d 575 (1965), this Court held as follows:

"It should be borne in mind that the granting of a summary judgment is a drastic remedy because it deprives a party of a trial and results in a final judgment against him. If the motion is denied, the moving party suffers no such consequences and may still obtain a favorable judgment. It is for these reasons the considerations on a motion for summary judgment must be loaded in favor of the party opposing the motion, particularly when that party is the plaintiff. The very latest emphasis upon this aspect of the motion appears in Fowler v. Connecticut Mutual Life Insurance Co., D.C. La., 38 F.R.D. 11, page 12: 'The granting of a summary judgment in effect means there is no evidence in existence upon which a trial is necessary. Because it is such a drastic remedy it must be used with a due regard for its purposes, and a cautious observance of its requirements in order that no person will be deprived of a trial upon disputed factual issues.' We believe if this approach is kept in mind, summary judgment procedure will be viewed in its proper perspective."

In the very recent case of Mooser v. Mason, Ky., 416 S.W.2d 355 (1967), the court has adopted the reasoning as set out in the Simmons and Conley cases, cited, supra, and the court stated:

"The procedure for summary judgment under CR 56.01 is a handy tool for the bench and bar alike, but the procedure is a drastic one and should not be invoked where a genuine issue of a material fact is involved. Cf. Conley v. Hall, Ky., 395 S.W.2d 575 (1965).

It is concluded there were genuine issues of material facts raised in the pleadings and that appellants were entitled to a jury trial on those issues."

There may be a question in the minds of some that a different yardstick should be used in an equitable action since this is an equitable action and much of the proof will be a "repeat performance" before the Chancellor. This court does not differentiate between equity and common law actions as indicated in the Conley decision, supra, which was an equitable action involving an accounting and there the court

held that all actions were to be measured by the same criteria.

Therefore, the judgment of the trial court is reversed with directions that the court hear all proof on the merits of the cause.

All concur.