**John ROBERTS, as Administrator of the Estate of William Roberts, Appellant,**

v.

**Hobart DAVIS et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 13, 1967.

As Modified on Denial of Rehearing Jan. 26, 1968.

Frank A. Wichmann, II, Charles H. Deters, Covington, for appellant.

John Lane Ackman, Williamstown, Asa Rouse, Walton, Frank S. Conneley, John G. Wright, Warsaw, for appellees.

STEINFELD, Judge.

Appellant, John Roberts, administrator of the estate of William Roberts sued Hobart Davis, Goldie Davis and Lowell Davis to recover damages for the wrongful death of William Roberts. Plaintiff and defendants moved for summary judgment. The motion of plaintiff was overruled but the motion of the defendants was sustained and the complaint was dismissed. This appeal is from that judgment. We reverse.

Hobart and Goldie Davis are the parents of Lowell Davis who was 21 years of age and fully emancipated. He and his wife lived in a trailer on the farm of his parents where his occupation was principally share cropping tobacco. On occasions Lowell's father would give him money, but this money was neither a fixed amount nor was it given at any regular intervals. Lowell drove his father to work for which he was compensated.

On August 2, 1964, Hobart purchased 1,000 bales of hay from neighbors, Mrs. Virgie Beech and her brother, George Skirven. The affidavits of Goldie and Hobart state that Hobart asked his son Lowell to haul the hay from the Beech farm to that of his parents for which they agreed to pay Lowell $25.00. There is some conflict in the record as to the accuracy of this statement.

To move the hay Lowell was permitted to use his father's 1955 Ford "pick up" truck on which the only special equipment was a frame that extended out from the bed so that additional bales could be carried. Lowell's two younger brothers helped with the loading and hauling. William Roberts, a normal person of 17 years of age, who previously had helped Lowell haul tobacco, was engaged by Lowell to assist. Clem Roberts, a younger brother of William, also helped.

For four days the truck was loaded with hay and made numerous trips from the Beech farm to the Davis place with Lowell driving and William lying on his stomach on top of the hay. Finally the last 25 or 30 bales were loaded onto the truck. As he had before, Lowell mounted the bed of the truck and the other boys, including William, passed the hay up to him. Lowell arranged the bales and secured them with ropes. When the loading was completed Lowell took the driver's position and his two brothers entered the cab with him. William climbed on top of the hay as he had done previously. The record is not clear as to what Clem did. The truck left the Beech farm and proceeded along a straight paved road at approximately 20 miles per hour. After it had traveled about ½ mile Lowell heard some bales fall from the truck. He stopped immediately, saw that approximately ½ of the bales had fallen and that William had fallen with them. William sustained the injuries from which he subsequently died. There were no known witnesses to the accident. William's position immediately before the hay fell is unknown.

The Administrator says Lowell was negligent as a matter of law in operating the truck with William on top and that the evidence will show, if he is permitted to intro-

duce it, that Lowell was negligent in stacking the hay and tying the ropes which held it.

He asserts that William was riding as a gratuitous licensee and that Lowell owed William the duty to refrain from willfully or wantonly causing him injury. He cites Kentucky and West Virginia Power Company v. Stacy, 291 Ky. 325, 164 S.W.2d 537, 170 A.L.R. 1 (1942); Scuddy Coal Company, Inc. v. Couch, Ky., 274 S.W.2d 388 (1955) and Whalen v. Van Natta, Ky., 382 S.W.2d 205 (1964).

Appellant contends that the trial court erroneously sustained the motion for summary judgment made by the appellees, when it should have overruled that motion and granted to the appellant summary judgment, after which it should have directed the jury to assess the damages.

■ The appellees say that there was no evidence to indicate that Lowell misused the truck, since the proof revealed that this was the customary way the appellees had transported hay for the past several years. They contend that "the real test of negligence, as it applies to the use of instrumentalities, methods and so on, is the ordinary usage and custom of mankind." Ellis v. L. & N. R. R. Co., Ky., 251 S.W.2d 577 (1952). We hold that whether Lowell exercised the proper degree of care in using the truck is a question of fact for the jury.

■ Appellees stress the point that there was no denial that the road was straight, the truck was traveling at a reasonable speed and that the hay was tied when it left the farm. They say that these undisputed facts can lead only to the one inference, that Lowell was not negligent as a matter of law and that any other conclusion would have to be based upon mere speculation. Klingenfus v. Dunaway, Ky., 402 S.W.2d 844 (1966). They contend that their motion for summary judgment was properly sustained. CR 56.03. Local Indus. Finance Co. v. McDougale, Ky., 404 S.W.2d 789 (1966); American Insurance Co.

v. Horton, Ky., 401 S.W.2d 758 (1966). The falling of the hay in the absence of an explanation as to what caused it to fall created a rebuttable inference of negligence. In Illinois Central Railroad Co. v. Frick, 256 Ky. 317, 76 S.W.2d 13 (1934) the plaintiff was struck by a lump of coal which fell from the train.

"Negligence may be inferred from circumstantial evidence of an accident, which, in the usual and ordinary course of things, would not happen with proper care, and in such cases the burden is cast on defendant to explain the accident or show freedom from negligence * * * [N]egligence will not be presumed, but must be proved as any other fact, yet it may be proved by circumstantial evidence or by showing facts from which negligence will be inferable, and all facts must be considered."

In Batts v. Joseph Newman, Inc., et al., 3 N.J. 503, 71 A.2d 121 (1950) a tank fell from a truck injuring Batts. Newman contended that the trial court committed error by refusing to grant its motions for non-suit and directed verdict. It argued that there was no negligence on its part. The court stated:

"The fact the tank fell into the street is eloquent evidence and, together with other proven facts, indicates it was not securely attached to the truck and that adequate precautions were not taken to prevent such an occurrence. There being evidence from which the negligence of [appellant] might reasonably be inferred, a jury question was presented and the motions for non-suit and for a directed verdict on this ground were properly denied."

George Skirven deposed that when he was at the farm the bales were tied down "real good". They did not fall. A reasonable inference could be drawn that the load on which William was riding was improperly tied, or it would not have fallen. This was a question for the jury.

The administrator insists that William was not negligent in riding upon the hay. Appellees take the opposite view because he was warned that it was dangerous to ride that way. They cite Wright v. O'Neal, Ky., 320 S.W.2d 606 (1959) in which the employee violated the instructions of his employer. On the occasion of his death, William was permitted by his employer to ride on top of the load. Both Lowell and William knew that William had been warned of the danger of doing so.

William, a 17 year old boy of average intelligence, was doing farm work that he had done on other occasions. The record shows that many times William rode on top of a load of hay while carrying out his job of assisting in loading, unloading and hauling hay. The proper test for determining if the deceased was contributorily negligent is whether he exercised that degree of care usually exercised by ordinarily prudent minors of the same age, intelligence and experience. Wilkerson v. Sanderson, 233 Ky. 493, 26 S.W.2d 1 (1930); Lorry v. Englander, Drayage and Warehouse Co., 108 Cal.App. 116, 291 P. 467 (1930); Blaser v. Coleman, Mo., 213 S.W. 2d 420 (1948); Hathaway v. Evans, Mo., 235 S.W.2d 407 (1950); Dach v. General Casualty Co., 241 Wis. 34, 4 N.W.2d 170 (1942). The warning not to ride on top of the truck does not make William contributorily negligent as a matter of law, but is only one of the factors for the jury to consider.

There is little, if any, conflicting evidence.

"That the evidence is not in conflict does not, of course, preclude the existence of issues as to material facts." Adkins v. Greyhound Corp., et al., Ky., 357 S.W.2d 860 (1962).

Undisputed facts will not support a summary judgment if contrary inferences may be drawn therefrom. Reliable Volkswagen Sales & Service Co. v. World Wide Auto Corp., N.Y., 34 F.R.D. 134 (1963).

A summary judgment is authorized only when there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56.03. The moving party has the initial burden of showing that no genuine issue of a material fact exists, then the other party must refute the contentions of the moving party. If the moving party does not sustain his burden, or if the opposing party is successful in rebutting, then the summary judgment should not be granted. Robert Simmons Construction Company v. Powers Regulator Company, Ky., 390 S.W.2d 901 (1965); Conley v. Hall, Ky., 395 S.W.2d 575 (1965) and Spencer, et al. v. Leone, et al., Ky., 420 S. W.2d 685 (decided September 22, 1967). Here we have issues of material facts and neither party was entitled to a summary judgment.

The administrator argues that if William was negligent this is not a bar to the claim because of the doctrine of last clear chance. This doctrine is not applicable to the facts in this case. Carter v. Snyder, et al., Ky., 329 S.W.2d 382 (1959), 81 A.L.R.2d 452.

Roberts also asserts that the doctrine of assumed risk, upon which appellees rely, is not a defense available to them because of their failure to plead it affirmatively as required by CR 8.03 and CR 12.08. The concept of assumed risk as distinguished from contributory negligence was abolished in Parker v. Redden, Ky., 421 S.W.2d 586 (decided June 23, 1967). Hence an unreasonable assumption of a known risk is included in the defense of contributory negligence.

All parties argue vigorously as to whether the record shows that Lowell was the servant of Goldie and Hobart Davis thereby creating upon them the same liability, if any, which is imposed on Lowell. They cite Mahan v. Litton, Ky., 321 S.W.2d 243 (1959) and Smith v. Gennett, Ky., 385 S.W.2d 957 (1965). Since this case is re-

versed for another trial the facts concerning the employment and the relationship should be fully developed so that a proper adjudication may be made on this issue by the court, or the jury, under the law. Coleman v. Baker, Ky., 382 S.W.2d 843 (1964); 56 C.J.S. Master and Servant § 13, p. 92.

The judgment is reversed.

All concur.