RENDERED:  APRIL 7, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0319-MR

RODNEY GRIMES													APPELLANT

v.							APPEAL FROM JEFFERSON CIRCUIT COURT
						HONORABLE AUDRA J. ECKERLE, JUDGE
						ACTION NO. 19-CI-003155

AUTO VENTURE ACCEPTANCE,
LLC													APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, EASTON, AND JONES, JUDGES.

EASTON, JUDGE:  Appellant Rodney Grimes ("Grimes") seeks reversal of an

order of the Jefferson Circuit Court granting summary judgment in favor of

Appellee Auto Venture Acceptance, LLC ("Auto Venture").  Grimes argues Auto

Venture failed to safeguard Grimes' vehicle while it was at a storage lot used by

Auto Venture.  As a result, someone broke into the vehicle and stole personal

property.  Finding no error, we affirm.

# FACTUAL AND PROCEDURAL HISTORY

In August 2018, Grimes entered into a Retail Installment Contract and Security Agreement ("Contract") with Auto Venture for the purchase of a 2007 Cadillac Escalade. Under the Contract, Grimes was to pay the sum of $12,146.05 in biweekly installments of $195.00. The Contract gave Auto Venture a security interest in Grimes' vehicle.

With this Contract, Grimes executed a separate document entitled "Right of Repossession." The Right of Repossession authorized Auto Venture to repossess the vehicle if Grimes failed to make payments under the Contract. The Right of Repossession states, in relevant part:

> I agree that I will not keep any personal property of any great value in the vehicle during the term of this contract, but in the event I do, I assume any and all responsibility for any personal property left in the vehicle by me or by other persons, should that property be lost or missing for any reason from the vehicle after it has been taken back by you and stored in a reasonably safe place.

Grimes failed to make the payments under the Contract, and the vehicle was repossessed in March 2019. A few weeks later, Grimes claims he discovered his vehicle, which had remained at the storage lot, had been vandalized. Grimes claims he had left seat back televisions, a laptop computer, cell phones, designer purses, and jewelry (identified at one point as diamond rings) in the

vehicle. Grimes says the supposedly stolen items had a value of $9,000.[1] Grimes alleged he had delivered his vehicle to Auto Venture for repairs thus suggesting a claim of bailment for hire as opposed to a repossession. Auto Venture offered proof that the dashboard of the vehicle had been removed **prior** to the repossession with the GPS wires cut.[2] Armed with this information, Auto Venture suggests Grimes removed anything of value from the vehicle himself prior to repossession.

As a trial date approached, the circuit court conducted an oral argument on Auto Venture's Motion for Summary Judgment. By Order entered on March 2, 2022, the circuit court granted Auto Venture's Motion for Summary Judgment. This appeal followed.

## STANDARD OF REVIEW

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. Nat'l Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). Summary judgment is only proper when 'it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc.*

---

[1] Complaint Paragraph 6.

[2] Auto Venture letter to Grimes dated June 20, 2019. Grimes' initial counsel withdrew from this case soon after receipt of this letter.

*v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).  In ruling on a motion for summary judgment, the Court is required to construe the record "in a light most favorable to the party opposing the motion . . . and all doubts are to be resolved in his favor."  *Id.*  A party opposing a summary judgment motion cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must present affirmative evidence to defeat a properly supported motion for summary judgment.  *Id.* at 481.  In *Steelvest* the word "impossible' is used in a practical sense, not in an absolute sense."  *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992).  As summary judgment involves only legal questions because there can be no genuine issues of material fact, an appellate court does not defer to the trial court's decision and will review the issue *de novo*.  *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001).

## ANALYSIS

Grimes argues the circuit court erred in granting summary judgment for three reasons, which we will address in this order:  (1) the trial court did not give Grimes a reasonable opportunity to complete discovery; (2) the circuit court relied on an alleged misstatement by Auto Venture that Grimes failed to respond to discovery requests; and (3) genuine issues of material fact exist in the record, including whether a bailment existed.

With respect to a reasonable opportunity to complete discovery, summary judgment "is proper only after the party opposing the motion has been given ample opportunity to complete discovery and then fails to offer controverting evidence." *Suter v. Mazyck*, 226 S.W.3d 837, 841 (Ky. App. 2007). It is not required to show discovery has been completed, but only that the non-moving party has had an opportunity to do so. *Carberry v. Golden Hawk Transp. Co.*, 402 S.W.3d 556, 564 (Ky. App. 2013).

Grimes filed this action in May of 2019. Auto Venture filed its motion for summary judgment in November of 2021. Grimes had over two years to complete discovery. Further, Grimes' counsel moved for a trial date in May of 2021. It cannot be said that the circuit court did not give Grimes ample opportunity to complete discovery.

The next contention relates to discovery responses and provides this Court with an opportunity to discuss important procedural rules which were not followed in this case. On September 14, 2021, Auto Venture sent interrogatories and requests for admissions to Grimes. Alleging they had never received the responses to the requested admissions, Auto Venture proceeded to seek summary judgment in November 2021.

Grimes subsequently filed interrogatory answers and responses to the requests for admissions. They are dated October 14, 2021, the last day for a timely

answer, with a certificate of service stating the same date. Grimes did not file them with the circuit court until December 6, 2021, the same day he filed his response to the summary judgment motion.

CR[3] 5.06 provides an exception for filing discovery requests with the court. It is unclear whether the rule exempts discovery answers and responses. 6 Ky. Prac. R. Civ. Proc. Ann. Rule 5.06. Local practice varies. *Id.* Regardless, this material is in the file even though filed after the summary judgment motion had been made.

We will next address the sufficiency of the discovery responses. CR 33.01(2) requires interrogatory answers to be sworn "under oath." Grimes signed his interrogatory answers under a heading entitled "Verification." This does not suffice for being under oath. *See Taylor v. Kentucky Unemployment Ins. Comm'n*, 382 S.W.3d 826, 833-34 (Ky. 2012). Auto Venture's interrogatory answers were not signed by a representative of Auto Ventures at all.

Neither Auto Venture's nor Grimes' answers are proper answers by operation of this rule. CR 56.03 permits consideration of "papers" or other information submitted. *Conley v. Hall*, 395 S.W.2d 575, 582-82 (Ky. 1965). Still, the evidentiary value of the submitted documents is impacted by the failure to provide a sworn evidentiary foundation for them. Since both parties are non-

---

[3] Kentucky Rules of Civil Procedure.

compliant and neither raised this insufficiency of the interrogatory answers, we will consider their answers alike.

Responses to admissions requests do not have to be sworn and may be signed by counsel as in this case. CR 36.01. Accepting the timeliness of the responses to the requested admissions, Grimes conclusively admitted he signed the Right of Repossession document, he failed to make the required payments on the vehicle, and the vehicle was repossessed. CR 36.02.

In the Right of Repossession, Grimes agreed he "will not keep any personal property of any great value in the vehicle during the term of this contract." Grimes further agreed that, in the event the vehicle is repossessed, he would assume "any and all responsibility for any personal property left in the vehicle by me or by other persons, should that property be lost or missing for any reason from the vehicle after it has been taken back by you and stored in a reasonably safe place."

Grimes argues there are genuine issues of material fact as to whether a bailment for hire[4] existed. But Grimes admitted the vehicle was repossessed contrary to his unsworn assertions he had it in for repairs. Even if no such bailment existed, Grimes further argues Auto Venture owed a duty to reasonably safeguard the vehicle as collateral when repossessing it under provisions of the

---

[4] Grimes cited *Webb v. McDaniels*, 205 S.W.2d 511 (Ky. 1947).

Uniform Commercial Code. KRS[5] 355.9-207. It is true Auto Venture had a

purchase money lien on the vehicle (but not on the removable personal property

within). This is one reason for the waiver contained in the Right of Repossession.

This presents the next problem with non-compliance with the civil

rules, this time by Auto Venture. CR 8.03 requires affirmative defenses to be pled

in an answer. Among these are assumption of risk, release, and waiver. The rule

states such a defense is to be "set forth" in the answer. Auto Venture did not do

this. Instead, Auto Venture's Answer just "provisionally" incorporated all of CR

8.03 by reference.

This failure is not fatal to the summary judgment entered. First, the

Answer does allege contributory or comparative negligence. Traditionally,

assumption of risk is understood to be within a defense of contributory negligence.

*See Roberts v. Davis*, 422 S.W.2d 890 (Ky. 1967). Still, the apparent defense

specifically relied upon is a release or waiver. A court may allow consideration of

a defense not specifically stated in an initial answer, but the record must show the

circuit court authorized the late defense. *See American Founders Bank, Inc. v.*

*Moden Investments, LLC*, 432 S.W.3d 715, 722 (Ky. App. 2014).

The Right of Repossession document was part of the documents

governing this case from the beginning. Both sides argued the factual

---

[5] Kentucky Revised Statutes.

circumstances and legal effects of the document before the circuit court decided the issue. Even so, Auto Venture did not specifically raise the correct affirmative defense based upon the Right of Repossession. Ultimately, this failure to plead an affirmative defense does not compel a different result, because the duty imposed on Auto Venture in a repossession situation is not different from that imposed by the Right of Repossession. Since the circuit court based its decision on the Right of Repossession, which included the duty for preservation of the items repossessed, we will address it.

The Right of Repossession is an example of an exculpatory contract. Exculpatory contracts waiving future liability for negligence, whether ordinary or gross, are not invalid per se. *Hargis v. Baize*, 168 S.W.3d 36, 47 (Ky. 2005). Exculpatory contracts are disfavored and are strictly construed against the parties relying on them. *Id.* The wording of such a contract must be "so clear and understandable that an ordinarily prudent and knowledgeable party to it will know what he or she is contracting away; it must be unmistakable." *Id.*

An exculpatory contract will be upheld only if (1) it explicitly expresses an intention to exonerate by using the word "negligence"; **or** (2) it clearly and specifically indicates an intent to release a party from liability for a personal injury caused by that party's own conduct; **or** (3) protection against negligence is the only reasonable construction of the contract language; **or** (4) the

hazard experienced was clearly within the contemplation of the provision. *Id.* (emphasis added). "Thus, an exculpatory clause must clearly set out the negligence for which liability is to be avoided." *Id.*

The Right of Repossession signed by Grimes does not mention the word "negligence." However, it does indicate an intent to release Auto Venture from liability from damages caused by its own conduct. Also, the protection against negligence is the only reasonable construction of the contractual language. Further, the hazard experienced was clearly within the contemplation of the provision as Grimes agreed not to store personal property of great value in the vehicle and that he would assume responsibility for any personal property left in the vehicle. The Right of Repossession satisfies three out of the four factors found in *Hargis*. The circuit court correctly determined the Right of Repossession is valid.

The only remaining issue was the contractual condition within the Right of Repossession for the storage provided by Auto Venture to be in a "reasonably safe place." Auto Venture would have the same duty under KRS 355.9-207 and a bailment. Again, the unsworn discovery suggests a history of other thefts but no substantiated evidence about the prior incidents.

A photo is provided showing vehicles in a fenced lot with razor or barbed wire at the top and a "No Trespassing" sign. The sign also suggests video

-10-

surveillance. Auto Venture stored repossessed vehicles at a lot operated by Auto Smart at nearby 6309 Shepherdsville Road. In its unsworn interrogatory answers, Auto Venture explains: "The premises is fully staffed during the day, and all vehicles are placed within a fenced area which features razor wire and a locked gate."[6]

Grimes points out there was no video provided about the theft claimed here, and because Auto Venture did not mention operational video in their interrogatory answer, then there must not have been operational cameras. If so, a sign still insinuated this to would-be thieves. We cannot say a genuine issue of fact was presented by this record about a "reasonably safe" storage of the vehicle.

Finally, we note again this case really does not depend on the Right of Repossession document itself because the duty to preserve collateral required the same duty to preserve the property as the Right of Repossession document required. We note this because Grimes did not raise an argument about KRS 190.100(1)(a)2. in his prehearing statement or initial brief but attempted to resurrect it in his Reply Brief. This statute directs all agreements be part of a single retail instalment contract.

The Contract here does not refer to the Right of Repossession nor is this separate agreement part of Contract. This contention of a statutory violation was

_____

[6] Auto Venture's Answer to Interrogatory No. 19.

waived by Grimes. RAP[7] 22(C)(2); *Best v. West American Insurance Co.*, 270

S.W.3d 398, 405 (Ky. App. 2008). This statutory issue would not have compelled

a different result in the case had it not been waived.

## CONCLUSION

In this case, which presents the duty of a creditor after a repossession

(not a bailment for hire), the circuit court correctly determined the Right of

Repossession is valid. This Right of Repossession contained the same duty as that

imposed by statute for repossessed collateral. The record in this case does not

illustrate any genuine issues of material fact. The order of the Jefferson Circuit

Court granting summary judgment in favor of Auto Venture is AFFIRMED.


ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Zachary Taylor                          Joshua W. Davis
Louisville, Kentucky                    Kristen A. Johnson
                                        Louisville, Kentucky

---

[7] Kentucky Rules of Appellate Procedure.